3r  1
85  485

80   1
109 564

80   1
124  43

80   1
125 140

CASE 1—INDICTMENT—JANUARY 5, 1882.

## Fleetwood v. The Commonwealth.

#### APPEAL FROM SCOTT CIRCUIT COURT.

1. A peace officer has the right to arrest one who is committing a breach of the peace in his presence, and to use such force as is necessary to make it; and if the person so disturbing the peace knows that the person attempting the arrest is an officer, and kills him, it is murder; if he does not know the fact, it is manslaughter.

W. C. P. BRECKINRIDGE FOR APPELLANT.
No brief.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
No brief.

The instructions given by the Circuit Court are, by order of the Court of Appeals, reported.

#### INSTRUCTIONS GIVEN BY THE COURT.

1st. Constables are peace officers, and it is their right and duty to arrest, with or without a warrant, any person who has committed any public offense in their presence, or who is at the time engaged in, or about to commit, any breach of the peace; and they have the right, in making such arrest, to use such force as is necessary therefor, and to summon

to their aid a posse sufficient to accomplish such arrest. A breach of the peace is a public offense, and it may be committed by any loud and boisterous language calculated to disturb the good order of the persons there assembled, or by the drawing or brandishing of deadly weapons, accompanied by threats to attack or kill another then and there present.

2d. If the defendant willfully and intentionally shot and killed Joseph Mefford, in Scott county, before the finding of the indictment, and said shooting was done in resistance of, or with the intent to prevent, an arrest of the defendant by said Mefford, under the circumstances supposed in the first instruction, then they ought to find the defendant guilty: guilty of murder, if, at the time of such killing, the defendant had knowledge or notice of the official position of the deceased: guilty of voluntary manslaughter, if he had not such knowledge or notice.

3d. If the jury find the defendant guilty of murder, they should fix his punishment at death, or confinement in the penitentiary for life, in their discretion. If they find him guilty of voluntary manslaughter, they should fix his punishment at confinement in the penitentiary for not less than two nor more than twenty-one years.

4th. Unless the defendant is proven guilty, beyond every reasonable doubt, the jury should acquit him. If they find him guilty, but have a reasonable doubt as to the grade of the offense, they should find him guilty of voluntary manslaughter.

5th. If, at the time of the killing, the deceased was a constable of Scott county, and was engaged in endeavoring to arrest the defendant for a public offense committed in his presence, or for the purpose of preserving the peace,

which the defendant had broken in the presence of the deceased, or was about to break in his presence, then it was the duty of the defendant to submit to said arrest, and he had no right to make resistance thereto; and if, in resisting such arrest, or to prevent its execution, the defendant willfully and intentionally shot and killed said Mefford, then he is guilty: guilty of murder, if, at the time, he knew or had notice that the deceased was a constable of Scott county: guilty of voluntary manslaughter, if he did not have knowledge or notice of said fact.

6th. Unless they find that the defendant shot and killed Mefford, as supposed in first, second, or fifth instructions, they should acquit him.

7th. To justify Mefford in attempting to arrest the defendant without a warrant, he (the defendant) must have first committed a public offense in his presence, or the defendant must have been, at the time of the attempted arrest (if there was such), disturbing the peace and good order of the assemblage of people then present. If a public offense had just been committed in Mefford's presence, or if the defendant was, at the time, engaged in committing a breach of the peace, then Mefford had the right to arrest him without a warrant, and to use whatever force was necessary to accomplish it, even to taking the life of the accused; but Mefford had not the right to use unnecessary violence, nor to shoot the defendant unless the defendant resisted, and such arrest could not be otherwise made. If the defendant resisted the arrest, or refused to be arrested, Mefford had the right, by superior force, to compel the defendant to submit to the arrest; and if, while Mefford was so acting, the defendant shot and killed him, he is not excusable therefor under the law of self-defense. If the defendant submitted

to the arrest, or had been by superior force placed in arrest, and the deceased, after that time, was about to shoot the defendant, or if the defendant had reasonable ground to believe that, after such time, the deceased was about to shoot him, or to inflict upon him great bodily harm, then the defendant had the right to use such means, even to the taking of Mefford's life, as to him, in the exercise of a reasonable. judgment, seemed necessary to save his life, or to protect himself from great bodily harm.

8th. If the arrest attempted to be made (if there was such) was a mere pretext to enable Mefford to disarm the defendant, or to place him in his power for the purpose of inflicting any violence on the person of the defendant, or of permitting others to do so, then the defendant had the right to resist such arrest by such means as to him, under the circumstances, seemed to be necessary to defeat and prevent such arrest; and if, in the exercise of such means, the deceased was killed, the jury should acquit. The means adopted of resisting such arrest (if it was attempted to be made under the circumstances, and for the purpose supposed in this instruction) should not, however, exceed such as to the defendant seemed, at the time, in the exercise of a reasonable judgment, to be necessary therefor.

9th. The defendant had the right to bear arms for the purpose of self-protection. This right, however, did not justify him in the commission of a breach of the peace; and if he did commit such breach of the peace in Mefford's presence by brandishing a pistol, and the threatening to kill a person there present, then Mefford had the right, and it was his duty to arrest and disarm him, if he (Mefford) was at that time a constable of Scott county.

A. The jury are the sole judges for themselves of the weight of the testimony and credibility of the witnesses, and may attach such weight to any and all parts thereof as they may think proper; and if they believe that any witness or witnesses have willfully sworn falsely as to any material fact, they may, if they deem proper, disregard the entire testimony of such witness or witnesses.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for the murder of Mefford, tried, convicted, and sentenced to the penitentiary for life.

Appellant was at a public gathering, with a pistol in his hand, disturbing the peace by cursing, loud talking, and threatening to shoot a certain person, when Mefford, a constable, attempted to arrest him, and being resisted, was, by appellant, shot and instantly killed.

A peace officer has the right, and it is his duty, to arrest one who is committing a breach of the peace in his presence, and to use such force as may be necessary to effect the arrest; and if the person disturbing the peace resists arrest, and in so doing kills the officer, he is guilty of murder, if he knew that the person attempting to make the arrest was an officer, and guilty of manslaughter if he did not know it. The law of self-defense, as applicable to rencounters between private persons, does not apply, unless the person resisting the arrest has reasonable grounds to believe, and does believe, that the officer is not acting in good faith in the attempt to arrest, but is using his official position to gratify personal feeling against the person sought to be arrested, and that by submitting to arrest and to being disarmed he will, by reason of this fact, be in danger of great bodily harm or of losing his life. The officer being in the right, and in the discharge of his duty, the

person resisting arrest does it at his peril, and if he kill, he is guilty of murder or manslaughter, as it may appear that he knew or did not know the character in which the officer was acting. This view of the law was presented to the jury more fully and with more clearness than in any case that has come under our observation. The accused has no ground of complaint that the law was not properly expounded, or that the whole law was not given. (Mockabee v. Commonwealth, 78th Kentucky; Earl's Pleas of the Crown, vol. 1, p. 302.)

Judgment affirmed.