Johnson v. Commonwealth.

The peremptory instruction to the jury to find for the defendants was proper, and the judgment is affirmed.

| 94 · 341 |
|----------|
| 94  530  |

CASE 57—INDICTMENT—MAY 11.

# Johnson v. Commonwealth.

APPEAL FR 'M CHRISTIAN CIRCUIT COURT.

To CONSTITUTE A GOOD INDICTMENT FOR WILLFULLY AND MALICIOUSLY STRIKING ANOTHER WITH INTENTION TO KILL HIM, it is not necessary to allege that the person struck was "bruised" thereby, although that word is used in the statute. It is sufficient to allege that the defendant did willfully and maliciously "strike and wound" him.

HARRY FERGUSON, J. I. LANDES FOR APPELLANT.

1. An indictment which charges the offense of willfully and maliciously striking and *wounding* with intent to kill is not good under a statute which creates the offense of willful and malicious striking and *bruising* with intent to kill, although it may be sufficient to support a verdict and judgment for assault and battery. (Criminal Code, secs. 122, 165; Bishop on Crim. Law, 3d ed., sec. 329.)

The indictment should follow the language of the statute. (Conner v. Commonwealth, 13 Bush, 721; Commonwealth v. Tanner, 5 Bush, 317; Commonwealth v. Turner, 8 Bush, 2; Mitchell v. Commonwealth, 88 Ky., 349.)

2. Malice before the striking must be established before guilt can be imputed. (Rapp v. Commonwealth, 14 B. M., 614; 4 Blackstone's Comm., 199; Aikman v. Commonwealth, 13 Ky. Law Rep., 894.)

The court erred in admitting evidence as to the acts of appellant after the difficulty, as they did not prove previous malice.

3. The appellant ought to have been allowed to prove that the prosecuting witness was not injured by him as much as the Commonwealth alleged, and that, in fact, the injuries were, in part at least, inflicted in another and subsequent encounter with another person.

4. The court erred in instructing the jury *orally*. (Criminal Code, sec. 225; Williams v. Commonwealth, 80 Ky., 313.)

And not only was the objection to this manner of instructing the jury not waived, but counsel might well go further and say that the provision of the law requiring instructions in such cases to be given

Johnson v. Commonwealth.

in writing can not be waived. (Payne v. Commonwealth, 1 Met., 370; Coppage v. Commonwealth, 3 Bush, 532; Luby v. Commonwealth, 12 Bush, 1.)

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The word "bruised," as used in the statute, is the correlative of the word "strike," in the second line above it, and is intended to apply to the "other deadly weapon" than a knife or sword set out in the statute. (Commonwealth v. Branham, 8 Bush.)

2. The question as to whether the trial court can, under any circumstances, *instruct a jury orally*, is submitted to the court without argument.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was convicted of maliciously striking Eldridge Coyle with a large stick—a deadly weapon— with the intention of killing him. The indictment charges that the appellant "unlawfully, willfully and maliciously did assault, strike and wound Eldridge Coyle," &c.

Objection is made to the sufficiency of the indictment, consisting in the fact that the word "bruised" is left out. The language of the statute that relates to cutting, striking, &c., is: "Or shall willfully and maliciously cut, strike or stab another with a knife, sword or other deadly weapon, with intention to kill, if the person so stabbed, cut or bruised die not thereby." (Gen. Stat., chap. 29, art. 6, sec. 2.) The word "bruised" is evidently used as descriptive only of one of the ways the person may be injured. It seems that to cut, stab or bruise a person under the circumstances mentioned, is all that is contemplated by the statute, and any language that expresses the fact may be used. To wound him by striking him with a stick is certainly equivalent language. This is all that is necessary to be noticed.

The judgment is affirmed.