Toler v. Commonwealth.

CASE 92—INDICTMENT—SEPTEMBER 14.

## Toler v. Commonwealth.

APPEAL FROM LEE CIRCUIT COURT.

1. INDICTMENT.—Under the statute punishing as a felony the offense of willfully and maliciously shooting at and wounding another with intention of killing him, an indictment is good, although the word "willfully" is omitted from the accusatory part of the indictment, if it appears in that part of the indictment charging the mode of committing the offense.

2. UNDER THE PRESENT LAW CONTROLLING THE CALLING OF SPECIAL TERMS OF CIRCUIT COURTS, the order for a special term in counties where the circuit court has not a continuous session must, although made at the close of or during the regular term, specify the day when the special term is to begin, and also give the style of each case to be tried, or in which motions or orders are to be made. And this must also be done where the special term is called by a notice posted as the statute requires. But as that law is not retroactive in its effect, it does not apply to this case, as the order for the special term at which appellant was tried was made at the April term, 1893, of the Lee Circuit Court, and the act reorganizing the circuit courts, which contains the provisions as to special terms, was approved and went into effect June 10, 1893.

H. C. LILLY AND RIDDELL & RIDDELL FOR APPELLANT.

1. As the indictment does not charge that the shooting was done "will-

Vol. 94—34.

Toler v. Commonwealth.

fully," it charges only a misdemeanor, and it was error to give in-
structions authorizing the jury to convict of a felony. (Gen. Stats.,
chap. 29, art. 6, sec. 2; Carroll's Code, sec. 124; Flint v. Common-
wealth, 81 Ky., 186.)

2. The order convening the special term was void because it did not con-
form to the statute. (Act concerning courts of justice, chap. 221,
sec. 16, acts 1891-92-93, p. 1035.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The indictment charges a felony. (Barnard v. Commonwealth, 22 S.
W. Rep., 218; Johnson v. Commonwealth, *Idem*, 335; Woodson v.
Commonwealth, 21 S. W. Rep., 584.)

2. If section 16 of the "act concerning courts of justice" means that the
*order of court entered at the last preceding regular term* as well as
the notice shall "give the style of each case to be tried," then the
contention of counsel is correct. Otherwise the court was properly
held, and the appellant properly convicted.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The cases of Flint v. Commonwealth, 81 Ky., 186:
Barnard v. Commonwealth, 94 Ky., 285; and John-
son v. Commonwealth, 94 Ky., 341, determine the
question made as to the indictment in this case.
Section 2, of article 6, chapter 29, General Statutes,
makes it a felony where one willfully and mali-
ciously shoots at and wounds another with an in-
tention to kill him.

The accusation in the indictment is: That the
defendant committed the crime of malicious shoot-
ing at and wounding Moses Roberts, with intent to
kill him, committed as follows: "That the said Toler
did, on the — day of January, 1893, unlawfully, will-
fully, maliciously and feloniously shoot at and wound
Moses Roberts with a pistol loaded, &c., with the
intention to kill him," &c.

These averments, it seems to us, are sufficient to
bring the case within the statute making it a felony
where one willfully and maliciously shoots at and
wounds another with the intention of killing him.

Toler v. Commonwealth.

The word willfully is omitted in the accusatory part of the indictment, but as to the mode of committing the offense it is charged that the defendant willfully, maliciously and feloniously shot and wounded, with the intent to take his life, and to say that the offense is not stated with such certainty as to apprise the defendant of what he stands charged, would be extremely technical, and nullify a conviction warranted by both the indictment and the proof. Some objection has been made as to the action of the court in refusing to permit certain testimony to go to the jury tending to show that the witnesses for the Commonwealth were under the influence and control of the prosecuting witness, and while no harm could have resulted to the Commonwealth by the admission of such testimony, it was at least immaterial when the fact of the shooting was clearly established, and the statutory offense so completely made out as to leave the jury with nothing to consider but the extent of the punishment to be inflicted.

There is one objection made by counsel that would necessitate a reversal if the present law in regard to calling special terms of circuit courts had been in force when the special term was called to try this case. A part of the act in regard to the organization of circuit courts provides "that a special term may be held in any county, either by an order entered of record at the last preceding regular term in the county, or by notice signed by the judge, and posted at the court-house door of the county for ten days before the special term is held. *The order or notice shall specify the day when the special term is to com-*

*mence,* and shall give the style of each case to be tried, or in which any motion, order or judgment may be made or entered at the special term, and no other case shall be tried, or motion, order or judgment entered therein, unless by agreement of parties."
It is evident, therefore, that in counties where the circuit court has not a continuous session, the order for a special term, although made at the close of or during the regular term, must specify the day when the special term is to commence, and also give the style of each case to be tried, or in which motions, orders or judgments are to be made or entered. This also must be done when the special term is called by a notice posted as the statute requires. Such is the legislative will, and this court must enforce the law as we find it on the statute book, and however inconvenient it may be to call the attention of litigants to the cases to be heard or those in which motions are to be made, the act is imperative and must be followed.

When looking to this record, however, we find that the special term at which the accused was tried was called before the act reorganzing the circuit courts went into effect, and, therefore, the objections made by counsel cannot avail. The order for a special term was made at the April term of the Lee Circuit Court, held in the year 1893, and the act reorganizing the circuit courts, and under which this objection was taken, was not approved by the Governor until the tenth of June, 1893, and by its provisions was to take effect when approved. It was never intended that this statute should have a retroactive effect, and nullify orders made in cases

authorized by existing laws. And while the statute in question has no application to the present case, it is proper by reason of its peculiar provisions, that. the attention of circuit judges should be called to its provisions and the construction placed upon it by this court, as it involves only a preliminary step in facilitating the administration of the law.

·The judgment below is affirmed.