## Penman v. Commonwealth.

(Decided January 20, 1911.)

### Appeal from Lincoln Circuit Court.

1. Rape—Instructions.—In a prosecution for rape, where the evidence for the Commonwealth shows that the rape was committed, and the testimony of the defendant is to the effect that no assault of any kind was committed on the prosecuting witness, it is not necessary to instruct the jury upon the law of the degrees of the offense.

2. Courts—Special Terms—Grand Jury and Trial at.—The circuit judge may call a special term whenever in his judgment the business requires it; and at such special term he may empanel a grand jury and try at such term persons who are indicted thereat.

3. Continuance.—The purpose of granting a continuance is to give the accused an opportunity to present some evidence in his behalf that he could not obtain or introduce if required to try at the term the motion for a continuance is made, or to enable him to employ and advise with counsel needed in his defense whose employment or advice he could not secure unless the continuance is granted, or to give him opportunity to discredit, impeach or contradict testimony that might be offered for the prosecution; and unless it appears that a continuance would improve the condition of the accused in some of these particulars, it is not error to refuse to grant the motion.

4. Change of Venue.—The statutory requirement that the affidavit for a change of venue shall be accompanied by the affidavits of two other persons is indispensible to the sufficiency of the application; and the court is not required to consider the application unless accompanied by these affidavits.

5. Change of Venue—Discretion of Court.—The granting of a change of venue is entirely within the sound discretion of the court; and unless it appears that this discretion is abused, the failure to grant the change will not be reversible error.

R. H. TOMLINSON and J. S. OWSLEY, JR., for appellant.

JAMES BREATHITT, Attorney General, and TOM B. M'GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

A jury found appellant, a man about thirty-five years of age, guilty of the crime of rape committed upon a child under the age of twelve years, and fixed his punishment at death. From the judgment upon this verdict he prosecutes this appeal, and assigns as the chief grounds for a reversal the failure of the court to grant a continu-

ance and a change of venue, but also insisting that the call for the special term and the trial were irregular. It is not necessary to the proper understanding of the grounds relied upon for reversal that we should relate the revolting details of the crime. It is enough to say that the evidence was sufficient to justify the verdict.

The appellant was guilty of the crime charged against him and for which he was convicted, or he was innocent of it and all of its degree. There was really no place in the case for an instruction upon the subject of an attempt to commit a rape or other degrees of the crime, although the trial judge in an abundance of caution and in order that the accused might have the benefit of any possible doubt as to his guilt of the crime of rape, instructed the jury that they might find him guilty of an attempt to commit a rape, the punishment for which is confinement in the penitentiary for not less than five nor more than twenty years.

As the appellant, the only witness in his behalf, denied absolutely that he assaulted the prosecuting witness in any manner whatever, and the evidence for the Commonwealth showed that he had committed the crime charged, it is manifest that the trial court need not have instructed the jury upon the subject of an attempt to commit a rape, and could not with propriety have given an instruction upon any other degree of the crime.

The crime was committed on the morning of September 3, 1910, and on that day and wthin a few hours the appellant who was then and had for many years been a resident of Lincoln county, Kentucky, was arrested and placed in the Stanford jail, where he remained until the afternoon of that day, when he was taken to Lebanon, Kentucky, some thirty miles distant and lodged in the jail at that place. On the 5th of September he was taken from the Lebanon jail to the City of Louisville and there placed in jail, where he remained until September 27th, when he was brought back to Stanford for trial. On September 15th, the Circuit Judge of the district in the manner provided by law called a special term of the Lincoln Circuit Court for September 28th, for the purpose of investigating through the grand jury the crime charged against the appellant and for the purpose of trying him under any indictment that might be returned against him, and a copy of the notice calling the special term was delivered to appellant by the jailer of Jefferson coun-

ty on September 15th. When the special term convened
on September 28th, a grand jury was empaneled, and on
the same day returned the indictment under which the
appellant was tried, but his trial was not commenced un-
til September 30th, nor concluded until October 1st. When
the indictment was returned on September 28th the ap-
pellant was brought into court, and after entering a plea
of not guilty, moved the court to quash the indictment
upon the ground that the call for the special term of court
to indict and try the appellant "was irregular and not
according to law." Counsel for appellant in their brief
say: "Our contention was and is that said call was irregu-
lar and not according to law, for the reason that it ex-
pressly shows a pre-determination on the part of the
court to try appellant at said term, he never having been
indicted, regardless of the fact that he might have legal
grounds for a continuance." But, a careful reading of
the notice calling the special term fails to show any pur-
pose upon the part of the court to force the appellant into
trial at the special term if he presented sufficient reasons
to justify the court in continuing the prosecution. Nor
was the call in any respect irregular. The statute pro-
vides that "whenever it is necessary to transact the busi-
ness, a special term may be held in any county," and also
imposes upon the judge calling a special term the duty
of specifying in the notice or order "the style of each case
to be tried or in which any motion, order or judgment
may be made or entered." It also confers upon the judge
authority to summon a grand jury at a special term to
inquire into any violations of the criminal or penal laws.
And so, the judge of the district had ample authority to
empanel a grand jury to investigate the charge against
the appellant, and to try him for the crime charged in the
indictment. It is true that when this special term was
called, there was no prosecution pending against the ap-
pellant. But the fact that there is no prosecution pend-
ing when the special term is called does not deprive the
judge of the authority to call a special term and empanel
a grand jury at such term, or to try thereat any person
that the grand jury may indict.

The requirement that the notice calling the special
term shall designate the business to be disposed of was
incorporated only for the purpose of informing persons
having cases pending in court that they would be taken
up and disposed of at the special term. Except for this

notice, litigants and attorneys might not be prepared to go into the trial of cases at the special term. But this provision does not limit the court to the trial of pending prosecutions. Any criminal case that can be heard and disposed of at a regular term can be heard and disposed of at a special term. The court has the same power and authority at a special term to empanel a grand jury and dispose of indictments returned by it, as it has to empanel a grand jury at a regular term and dispose of the indictments returned by it at such term. It was, however, eminently proper for the court to give notice of this special term to appellant, and the fact that his case would be then taken up, so that he might have opportunity to prepare a defense, although the failure to give such notice would not in the absence of any other reason constitute error. Fitzgerald v. Commonwealth, 30 Ky. Law Rep., 349; White v. Commonwealth, 120 Ky., 178.

The affidavit for a continuance set out the date the crime was committed, and the time of appellant's arrest, and removal to the Lebanon jail, and from thence to the Jefferson county jail. And further set out that:

"He has never been given an examining trial on this charge, and has had no opportunity of knowing what character of testimony will be offered against him; that he is innocent of the charge contained in the indictment; and that he has had no opportunity until this morning to confer with counsel, who have been employed to defend him, and that on account of his incarceration in jail at Louisville, and on account of the distance from his home and his financial condition he has been unable to properly prepare his case. He states that his friends and relatives only yesterday employed his counsel, and that his attorneys have not had an opportunity to prepare his case for trial. He states that if given until the next regular term of this court he will be able to establish his innocence of this charge."

Every person accused of crime, however guilty he may be, or whatever the nature of the crime charged against him, is entitled to a fair opportunity to prepare and present his defense. It is not the purpose of the law to deny any person accused of crime of the high privilege of establishing his innocence. And whenever it has appeared to this court that the accused was deprived of a reasonable opportunity to explain away his guilt, or

was forced into trial without reasonable opportunity for preparation, we have not failed to grant a new trial. Because, however desirable in the interest of justice a speedy trial may be, it is of much greater importance that the law of the land should be administered in an orderly and deliberate way, so that every person arraigned for crime may have in truth a fair trial. And in this case although the appellant has been found guilty of committing a horrible and brutal crime, we would nevertheless grant him a new trial if the record before us disclosed that in any particular his substantial rights were prejudiced by the failure to grant a continuance. He was notified on September 15th that his case would be inquired into by the grand jury on September 28th. And so, he had the time between these two dates to consider the nature of the charge against him and make at least some preparation for his defense. But, neither the motion for a continuance, nor other part of the record discloses any fact that would even tend to show he was not as well prepared for trial at this term as he would have been at a subsequent term. Nowhere do we find the name of any witness that was needed in his defense, or mention of evidence that was not introduced in his behalf. His counsel are lawyers of ability and experience, and we feel safe in saying that if there was any reason why appellant was not ready for trial at the special term, or if he could have introduced in his behalf any witnesses at a succeeding term that could not be procured at the special term, or if he could have impeached or discredited or contradicted at a subsequent term the testimony of the witnesses for the Commonwealth, or any of them, or have in any manner shown—other than by his own testimony—that he was innocent, that these attorneys who had from September 27th until September 30th to advise and consult with their client before the trial commenced would have made it known either in the affidavit for a continuance or during the trial or in the motion for a new trial. And the fact that the record does not furnish any reason for a continuance, except that stated in the affidavit, convinces us that no other reason could be assigned. This being so, we are well satisfied that the court did not err in refusing to grant a continuance. Under circumstances like those existing in this case, the sole purpose of granting a continuance would be to give the accused an opportunity to present some evidence in his behalf that he

could not obtain or introduce if required to try at the term the motion for a continuance was made, or to enable him to employ and advise with counsel needed in his defense whose employment or advice he could not secure unless a continuance was granted, or to give him an opportunity to discredit, impeach or contradict the testimony that might be offered for the prosecution. Accepting these propositions as the test of appellant's right to a continuance, he failed in every particular to show that if a continuance had been granted he could have improved his situation.

When the motion for a continuance was overruled, the appellant filed a written motion asking a change of venue, and it is earnestly insisted that the court committed serious error in refusing to grant this application. The statute provides in section 1110, that:

"Such application, if made by the defendant, must be made by petition in writing, verified by the defendant; and the applicant must produce and file the affidavits of at least two other creditable persons, not of kin to nor of counsel for the defendant, stating that they are acquainted with the state of public opinion in the county or counties objected to, and that they verily believe the statements of the petition for such change of venue are true; * * *"

The affidavit of appellant is not accompanied, as provided in the statute, by the affidavits of "at least two other credible persons" or any person, but it is stated by appellant in his affidavit that "because of the feeling existing against him, he is unable to procure the affidavits of two credible persons." We might well rest the correctness of the ruling of the trial court in refusing to grant a change of venue upon the ground that the statutory requirements were not complied with in the failure to produce the affidavits of two credible persons. This question was before the Court in Fitzgerald v. Commonwealth, 30 Ky. Law Rep., 349, and it was there said:

"It appears that appellant filed his petition, which contained all the statements and facts necessary to authorize the change, but it was unsupported by the affidavits of at least two, or any, credible persons of the county in which the prosecution was pending. The affidavits, which, in order to avail the appellant, should have been signed by two credible persons, were in blank; no one, it seems, was willing to sign them; and the reason

given therefor is that the residents of the county were afraid to do so.  From the opinion of the trial judge, rendered upon this motion, it is evident that he was impressed with the truth of this statement, but decided that he was powerless to grant the change without the required affidavits. In this he was correct. The requirement that these affidavits must accompany such a petition, is statutory. The only power the court has to grant a change of venue is conferred by the statute, and as the appellant failed to comply with the provisions of section 1110 (1096), which prescribe the form of the affidavits which must accompany the petition, the court correctly overruled his application for the change. This resulted in a hardship to the appellant, but the court was without discretion in the matter, the Legislature having enacted the form of proceedure to be followed.''

But, waiving the fatal insufficiency of the application for a change of venue, we are satisfied that the substantial rights of the accused were not prejudiced by the failure to grant it, and that the court did not err or abuse a sound discretion in overruling the motion.  Two witnesses only were introduced on the hearing of the motion, and they were introduced by the appellant.  Both of them testified that they believed the appellant could have a fair and impartial trial in Lincoln county.  There is nothing in the record to indicate that he could not, except his unsupported affidavit.  In view of this, we cannot with any sort of propriety say that the court should have granted his motion.  We have held in Fish v. Benton, Judge, 138 Ky., 644, Hargin v. Commonwealth, 135 Ky., 578, and Fletcher v. Commonwealth, 123 Ky., 571, that the granting of a change of venue is entirely within the sound discretion of the court, and that unless it appears that this discretion of the court was abused to the substantial prejudice of the accused it will not constitute reversible error.  The appellant was tried by a jury from Boyle county, and there is no fact or circumstance in the record from which we can reasonably infer that this jury was unduly influenced by any feeling of hostility that may have existed towards the accused in Lincoln.

It is further suggested that the court erred in failing to discharge the jury, because three persons who had been summoned as jurors, when being examined for the purpose of testing their qualifications to sit in the case,

expressed the opinion that the accused was guilty. Of course, this improper remark of these veniremen, furnished no reason why the court should discharge the jurors who had been selected and were acceptable to both parties.

Complaint is also made that the court failed to instruct the jury to disregard the statements made by W. C. McCarty, a witness for the Commonwealth and whose testimony was excluded by consent of the Attorney for the Commonwealth. After reading the examination of this witness, we are unable to perceive the ground upon which this objection is rested. McCarty was asked only one question by the Commonwealth, and did not answer that. The only questions that he did answer were those asked by counsel for appellant and his answers to those questions were not objectionable, but they were excluded by consent.

Influenced by the fact that the extreme penalty of the law was inflicted upon the appellant, and that there is no other tribunal to which he may take his case for review, we have given to this record an exceptionally careful consideration. After thus considering it, we are unable to discover any error committed by the lower court to his prejudice. This being so, there is nothing for us to do but affirm the judgment and it is so ordered.