## Sowders v. Commonwealth.

(Decided February 23, 1923.)

Appeal from Bell Circuit Court.

1.   Criminal Law—Motion to Set Aside Indictment—Review.—Under section 281 of the Criminal Code, this court is without power to

review the action of the trial court upon a motion to set aside an indictment.

2. Courts—Special or Extraordinary Term.—A special term of circuit court called for a time when no other court is in session in the judicial district, is called under section 964 and not section 964a-1 of the statutes.

3. Courts — Special or Extraordinary Term — Grand Jury—Indictment.—At a term called under section 964 a grand jury may be empaneled, and an indictment returned by such grand jury may be tried at that term.

W. J. STONE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was indicted, tried and convicted for an assault and battery at a special term of the Bell circuit court. For reversal of the judgment he insists that the court erred (1) in overruling his motion to quash the indictment, and (2) in setting the case for trial at the special term over his objections and exception.

Even if the court had erred in overruling the motion to quash the indictment, we could not order a reversal for that reason, since in that matter the action of the trial court is final. Section 281, Criminal Code; Commonwealth v. Goulet, 140 Ky. 843, 132 S. W. 151. But as both that question and appellant's second contention, which we must decide, depend finally upon whether the court had the power at the special term to call the grand jury which returned the indictment, in deciding the latter contention we cannot avoid the decision of the former as well.

Appellant contends that the special term was called under section 964a-1 of the statutes, and if this is true, the grand jury which indicted him was not only illegally called, but he was improperly tried at that term, since this section forbids the empaneling of a grand jury at a term so called, or the trial, even by consent of parties, of any case not set for trial at the term in the order calling same, and appellant's case could not have been included in the list of cases set for trial, since he had not been indicted when the term was called.

But the Commonwealth claims the special term was called under section 964 of the statutes, which provides that at such a special term a grand jury may be empaneled; and we have held in several cases that at a term

called under this section a person may be indicted and tried, even though his case was not listed among those specified for trial in the order calling the term, as under the circumstances it could not have been. Penman v. Commonwealth, 141 Ky. 660, 133 S. W. 540; Ellis v. Commonwealth, 146 Ky. 715, 143 S. W. 425.

It is true that in these cases the order calling the special term was in the record, and expressly provided that a grand jury would be empaneled to investigate the charge later preferred by indictment against the defendants, but this was expressly held immaterial in the Penman case, the court saying:

"The requirement that the notice calling the special term shall designate the business to be disposed of was incorporated only for the purpose of informing persons having cases pending in court that they would be taken up and disposed of at the special term. Except for this notice, litigants and attorneys might not be prepared to go into the trial of cases at the special term. But this provision does not limit the court to the trial of pending prosecutions. Any criminal case that can be heard and disposed of at a regular term can be heard and disposed of at a special term. The court has the same power and authority at a special term to empanel a grand jury and dispose of indictments returned by it, as it has to empanel a grand jury at a regular term and dispose of the indictments returned by it at such term. It was, however, eminently proper for the court to give notice of this special term to appellant, and the fact that his case would be then taken up, so that he might have opportunity to prepare a defense, although the failure to give such notice would not, in the absence of any other reason, constitute error. Fitzgerald v. Commonwealth, 30 Ky. Law Rep. 349; White v. Commonwealth, 120 Ky. 178, 85 S. W. 753."

This is the only reasonable construction of the statute, since the reasons for specifying in the order calling the special term the pending cases to be tried, is entirely absent with reference to new indictments returned, as the defendants therein cannot be tried until they are brought into court and then notified that their cases will or will not be tried. And their cases could not have been listed in the order calling the term, as no case was then pending against them.

Hence, even if the order calling this term, and which appellant has not incorporated in this record, contains no reference to a special grand jury to investigate his case,

as is stated in his motion to quash the indictment, the court yet had the right to call a special grand jury and try persons indicted by it, at the special term called under 964, *supra*. These sections of the statute are quite long, and we do not deem it necessary to copy them here.

Section 964a-1 was added to 964 by chapter 23 of the 1906 Session Acts. The purpose of the legislature in making this addition, as is therein made evident, was simply to enable the court to call a special term for a time when some regular term was in session in the district, a power it was assumed the court did not have under 964. And as it was also assumed the regular judge at such time would be engaged in the regular term then in session in his district, special provision was made therein for appointment by the Governor of a special judge to preside over a term of court called thereunder. But that section was only intended to add to section 964, and not to change it, and therefore had no reference to a special term of court called under 964, that is, a term of court called for a time when no regular term of court was being held in the district.

The special term here involved was called for July 17, 1922, at which time we know judicially there was no regular term in session in the judicial district in which Bell county is located. Hence it was called under 964, and not 964a-1.

The fact stressed by counsel for appellant, that a special judge presided at the special term, does not alter the fact that the term must have been, and was, called under section 964. The record does not contain a copy of the order of his appointment, nor the reason therefor, but presumably he was acting by designation under section 971, which provides that the Governor shall designate a special judge to hold any court in the absence of the regular judge, some other circuit judge not then engaged in holding court in his own district. The special judge who presided at this term of court is the regular circuit judge in an adjoining district.

Section 964, under which the term was called as we have seen, expressly provides that in an emergency "grand juries may be summoned for any special term by direction of the judge." And section 964a-1 that "nothing in this subsection shall be held to prevent the empaneling of a grand jury at any special term called and held under 964 above, at a time when no regular term of court is in session in any other county in the district."

We have held that on appeal from a conviction under an indictment found at a special term of a circuit court, the Court of Appeals will conclusively presume that there was a necessity for calling the special term.    Ellis v. Commonwealth, *supra*.

It follows that the grand jury which returned the indictment was legally empaneled, and as a consequence the court did not err in overruling the motion to quash the indictment, or in trying the case at the special term, no cause being shown for a continuance.

Judgment affirmed.