## Dennison v. Commonwealth.

(Decided March 20, 1923.)

## Appeal from Johnson Circuit Court.

1. Criminal Law—Conviction Based on Testimony of Single Witness for Prosecution Contradicted by Defendant Cannot be Reversed.—Where a single witness for the prosecution testified defendant sold him intoxicating liquor, which defendant denied, it was the right of the jury to believe the witness for the commonwealth and not the defendant, and in such case their verdict of guilty will not be disturbed.

2. Criminal Law—Instruction Omitting Requirement to Find Beyond Reasonable Doubt Held Cured.—Error in the first instruction because it omitted the words "beyond a reasonable doubt," and thereby would authorize a conviction on a mere preponderance of the evidence, was cured where the second instruction told the jury to acquit unless defendant's guilt had been proved by the evidence beyond a reasonable doubt.

3. Criminal Law—Instructions Must be Read Together.—Instructions must be read together and if, as a whole, they state with substantial correctness the entire law of a criminal case necessary to the proper guidance of the jury, they are sufficient.

4. Criminal Law—Statement by Prosecuting Witness Held Not Ground for Surprise in Testimony.—Where the sole witness for the prosecution was the person named in the indictment as the buyer of intoxicating liquor, and his name alone was indorsed as witness on the indictment, the statement by him to accused that he did not make the indictment against him, which was correct since the indictment was found by the grand jury, was not sufficient basis for a claim by accused that he was surprised by the testimony of the witness that accused had sold liquor to the witness.

5. Criminal Law—Claim of Surprise Cannot be First Made on Motion for New Trial.—It is the duty of accused, when surprised by the commonwealth's evidence, to make it known to the court and by proper motion and showing of necessary facts apply for a continuance, instead of electing to await the result of the trial, so that a claim of surprise first made on a motion for a new trial comes too late.

6. Criminal Law—Motion Held not to Show Diligence with Reference to New Evidence.—A showing in support of a motion by accused for a new trial on the ground of newly discovered evidence, consisting of affidavits that the witness for the commonwealth had stated he did not buy the liquor from accused, without showing whether those statements were made before or after the trial and without showing any reason why the witnesses were not procured to testify at the trial, does not show such diligence on the part of accused in respect to the discovery and production of the new evidence as entitled him to a new trial.

7.  Criminal Law—Cumulative and Impeaching Evidence Does not
    Require New Trial.—Evidence which would merely cumulate the
    denial by defendant of the testimony of the witness for the com-
    monwealth and impeach the witness by showing contradictory state-
    ments made by him does not entitle accused to a new trial.

    J. B. CLARK for appellant.

    CHAS. I. DAWSON, Attorney General, and THOS B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Johnson
circuit court, entered upon the verdict of a jury whereby
the appellant, Buck Dennison, on his trial under an in-
dictment charging the offense, was found guilty of un-
lawfully selling intoxicating liquor, not for sacramental,
medicinal, mechanical or scientific purposes, and his
punishment fixed at a fine of $200.00 and imprisonment
of thirty days in jail.

It appears from the evidence furnished by the testi-
mony of one Dick Collins, the single witness introduced
for the Commonwealth, that he in Johnson county and
within a year before the finding of the indictment pur-
chased and received of the appellant a half gallon of
"moonshine" whiskey, for which he at the time of the
sale and delivery of the whiskey paid and delivered the
latter one dozen and a half fruit jars. The appellant,
testifying in his own behalf, denied making a sale or
delivery of the whiskey to Collins; and also denied that
it was paid for by Collins with a dozen and half fruit
jars or at all. The case went to the jury upon the testi-
mony of Collins and the appellant, and the character of
the verdict returned convincingly shows the jury's ac-
ceptance of the testimony of Collins in preference to that
of the appellant as the truth of the transaction under in-
vestigation, and this it was their right to do. In such
state of case disturbance of the verdict by the trial or
appellate court merely because of the contradictory
character of the evidence furnished by the opposing tes-
timony of the only two witnesses in the case, would
amount to an invasion of the province of the jury, which
is not permitted by the rules of practice and procedure
controlling the courts of this state.

It follows from what has been said, that no reason is
apparent from the record for our sustaining the appel-

lant's first contention that the overruling by the trial court of his motion, made at the close of the evidence, for an instruction peremptorily directing his acquittal by verdict of the jury, was reversible error. On the contrary the refusal of such an instruction was proper.

The appellant's complaint of the instructions given by the trial court must meet with a like fate. It is true as claimed by his counsel that instruction No. 1, because of its omission of the words "beyond a reasonable doubt" did not correctly state the law; and it will be conceded that without these words the instruction, standing alone, would have authorized the jury to convict the appellant of the offense charged if they believed him guilty from a mere preponderance of the evidence. But this instruction was not the only one given. The court gave a second instruction by which the omission and consequent error in the first referred to was cured, as it in substantially correct language told the jury that they should acquit the appellant, unless his guilt of the offense charged had been proved by the evidence beyond a reasonable doubt. It is a well recognized rule in this jurisdiction that instructions should be read together, and if as a whole they are found to state with substantial correctness the entire law of a criminal case necessary to the proper guidance of the jury in arriving at a verdict, they will be deemed sufficient. Keith v. Comlth., 195 Ky. 635; McGhee v. Comlth., 181 Ky. 422; Calico v. Comlth., 145 Ky. 641; Hoskins v. Comlth., 152 Ky. 805. Tested by the rule, *supra*, the instructions as a whole are not to be regarded as giving any cause for the reversal of the judgment appealed from.

The appellant's final contention is that the court below committed reversible error in refusing him a new trial on the grounds of surprise and newly discovered evidence. The alleged surprise resulted, as claimed in the appellant's affidavit, from the testimony of Dick Collins on the trial regarding the sale to him of the whiskey by appellant after previously telling the latter, as also claimed, that he (Collins) "did not make any indictment against him" for the offense. Assuming that this statement was made by Collins, it did not amount to a denial that the whiskey had been sold him by appellant as charged in the indictment, indicate a promise that Collins would not so testify on the trial, nor contradict his testimony given on the trial. Accurately speaking Collins did not "make" the indictment. It was

made, *i. e.,* found and returned by the grand jury on the testimony of Collins alone; and in view of the appellant's knowledge of the foregoing facts, also of the pendency of the indictment and that the name of Collins appeared on the back of it as the single witness for the Commonwealth and, presumably, the only one upon whom it would depend to prove the appellant's guilt of the offense charged, it is not perceived how he could have been surprised by the testimony of Collins on his trial.

Such surprise, if it came to the appellant, was during the introduction of the Commonwealth's evidence and therefore before the introduction of any was required of him; hence it was his duty upon experiencing the alleged surprise, if by reason thereof unprepared to present his defense, to make it known to the court and by proper motion and showing of the necessary facts apply for a continuance of the case. But in failing to pursue that course, electing to await the result of the trial, and postponing reliance upon the alleged surprise until presented as a ground for a new trial, the appellant was prevented by his own want of diligence from relying upon it as finally attempted. And the ruling of the lower court in holding it insufficient to authorize a new trial, to say nothing of the insufficiency of the showing of surprise, may well be justified upon the ground indicated. We have more than once held that a claim of surprise, first made on a motion for a new trial, comes too late. Lewis v. Comlth., 190 Ky. 160; Sizemore v. Comlth., 189 Ky. 46.

The alleged newly discovered evidence relied on in support of the appellant's motion for a new trial, is contained in an affidavit of each of four persons which appear in the record, the affidavits being identical in language. In each the affiant merely states that "said Dick Collins told him that he did not make any indictment against Buck Dennison for selling liquor, and that he never did buy any liquor off of said Buck Dennison." Each of the affidavits fails to indicate when or where the statement it attributes to Collins was made by him, therefore it cannot be discovered whether it was made before or after the appellant's trial; nor do any of them indicate when the statement of Collins was communicated to appellant by the affiant. It seems fairly apparent, however, from the affidavit of the appellant that he learned it from them before the trial and, if so, no rea-

son was shown for his not procuring the attendance of the several affiants and the benefit of the testimony of each as a witness on his trial. The showing made by the affidavit of appellant and those of his witnesses, did not, therefore, prove such diligence on his part in respect to the discovery and effort to procure the alleged new evidence, as entitled him to a new trial ·on that ground. Moreover, the purpose of it being twofold: First, to corroborate the appellant's contradiction of Collins, the Commonwealth's witness, which would make it merely cumulative evidence; and second, to impeach or discredit the latter, we repeatedly have held that a new trial should not be granted on account of newly discovered evidence, which merely tends to impeach or discredit an opposing witness, or is only cumulative. May v. Comlth., 153 Ky. 141; Ellis v. Comlth., 146 Ky. 715; McElwain v. Comlth., 146 Ky. 104; Gleason v. Comlth., 145 Ky. 128; Ann. Cas. 1913B, 757.

The record presenting no reason for disturbing the verdict, the judgment is affirmed.