## Sloan v. Commonwealth.

(Decided November 20, 1925.)

### Appeal from Perry Circuit Court.

1. Homicide—Evidence Held Not to Show Insanity.—In prosecution for murder, evidence held to support finding that defendant was not insane.

2. Courts—Court had Jurisdiction to Try Defendant for Homicide During Extension of Regular Term.—Court had jurisdiction to try defendant for homicide committed during extension of regular term under such extension, under Ky. Stats., section 964, though order extending term did not specifically designate style of any case to be taken up during such extension, such requirement applying only to special term.

3. Criminal Law—Defendant Waived Any Error in Formation of Grand Jury by Failing on Arraignment to Move to Set Aside Indictment and Not Complaining Until Motion for New Trial.—Defendant waived any error in formation of grand jury which indicted him, in view of Criminal Code of Practice, sections 157, 158, by failing to move to set indictment aside at time he was arraigned and making no complaint thereof until he filed his motion and grounds for new trial.

4. Criminal Law—Supreme Court Cannot Consider Ruling Adverse to Defendant on Motion to Set Aside Indictment on His Arraignment.—Under Criminal Code of Practice, section 281, Supreme Court cannot consider any ruling of lower court adverse to defendant on motion to set aside indictment on his arraignment.

5. Jury—Manner of Selecting Petit Jury Held Not Erroneous.—Where court overruled defendant's motion that jury to try him should be drawn from the jury wheel, and proceeded with regular panel of petit jury he then had on hand, and that panel being insufficient, ordered enough bystanders summoned to complete the panel, which procedure was in compliance with Ky. Stats., section 2247, held, that there was no error.

DUFF & DUFF and H. C. EVERSOLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

Appellant brings this appeal from a judgment entered on a verdict of the jury finding him guilty of murder and fixing his punishment at death.

In the spring of 1924, appellant while working in some mine contracted, from inhaling bad air, an inflammation of the lungs which seems to have gone into tuberculosis. Since then, he has not done any work to amount to anything. Physically, he has steadily gone backward. As to his mental condition, however, there is a contrariety of evidence. His family, including his mother and brothers, testify that he had the idea that the doctors were trying to kill him with the medicine they prescribed for him, and that he would sit and mope for hours, sometimes bursting out into hysterical weeping. On the other hand, his attorney, who was prosecuting his suit against the mine owner for his injuries alleged to have been caused by bad air, but who did not defend him in this case, several doctors who examined him, and one or two laymen all testify that appellant was perfectly sane and knew what he was doing. It is admitted that he had practically no education and was very poor.

In January, 1925, Dr. Marvin Kingins became the mine doctor near where appellant lived. On the morning of the homicide appellant, while at the mine commissary, learned that the doctor was coming that afternoon to see his child who was very ill. About one o'clock that day, the two met in a creek hollow that led up to appellant's house. The doctor was on horseback while appellant was on foot. They engaged in some conversation, but the eyewitnesses to the homicide were too far away to hear what they said, and as appellant did not testify in this case we are not advised concerning what they talked about. After a few minutes of conversation, appellant stepped around in front of the doctor's horse, pulled his pistol and shot the doctor, who died immediately. The latter was unarmed and making no demonstration against appellant. After shooting the doctor, appellant made his way to his brother's home and then in company with him went to the county seat and surrendered to the jailer.

Appellant's real defense to this charge of murder was that of insanity. On this issue, submitted to the jury under an instruction not complained of, it found against him. The evidence supports such finding.

However, appellant relies for reversal on several procedural grounds which we will consider in the order he urges them.

He first insists that the court was without jurisdiction to try him at the time it did. The regular November, 1924, term of the Perry circuit court expired on December 13, 1924. Before its expiration, the court entered the following order:

> "Owing to the crowded and congested condition of the dockets of this court, it is now ordered by the court that the regular November term, 1924, be and the same is now ordered extended for a period of sixty-six juridical days from the expiration of the present term; that is to say, the present term expires by operation of law on Saturday, December 13, 1924, and the extension thereof shall begin on Monday, December 15, 1924, and continue for said sixty-six juridical days. And at said extension of said regular term all cases on this court's Commonwealth's ordinary and equity dockets shall stand for orders and proceedings as if at a regular term provided by statute."

The court entered this order pursuant to the provisions of section 964 of the Kentucky Statutes, which reads:

> "In each county of said districts, except counties having continuous session, there shall be held each year the number of terms of the circuit court provided for by law, and the term in any district may be extended, if the business requires, so that it does not interfere with any other term in the district; and whenever it is necessary to transact the business, a special term may be held in any county, either by an order entered of record at the last preceding regular term in the county or by notice signed by the judge and posted at the courthouse door of the county for ten days before the special term is held. The order or notice shall specify the day when the special term is to commence, and shall give the style of each case to be tried or in which any motion, order or judgment may be made or entered at the special term, and no other case shall be tried, or motion, order or judgment entered therein, unless by agreement of parties. (Grand juries shall be summoned and criminal and penal causes shall be heard at but three terms, in each year, in any county, . . . unless

in an emergency the court may otherwise direct; and) grand or petit juries may be summoned for any special term by direction of the judge.''

Appellant insists that as the order extending the regular term did not specifically designate the style of any case to be taken up during the extension, there was no valid extension of such term. The cases appellant cites to support this proposition, of which Toler v. Commonwealth, 94 Ky. 529, 23 S. W. 347, is a fair sample, all deal with special terms for which, under the express provisions of the statute above quoted, cases must be designated by style before they can be taken up therein. There is no such requirement as to an extension of a regular term. This is not a new term but only a prolongation of a term that is in session during which parties litigant and their counsel are expected to keep themselves informed about what is going on. As a special term is something out of the ordinary, parties to actions should be notified fairly if their cases are to be taken up during such special terms. Unless so notified they have a right to rely on the assumption that their law business will be taken up only at the regular terms prescribed by law. But it is otherwise with regard to an extension of an existing regular term. Until their cases are disposed of at such a term by some order, suitors must await some disposition of their suits, and so when the term is prolonged by an extension they must know that their matters not yet disposed of can be taken up during such extension for action. The order of extension in this case provided that all the cases on all the dockets of the court should stand for orders and proceedings the same as if during the time prescribed by law for the regular term. This was fair notice to all parties litigant, and hence we hold that the regular November, 1924, term of the Perry circuit court was validly extended.

It was during the extension of the November, 1924, term that appellant committed the homicide for which he was herein convicted. It was also during this extension that he was indicted and tried. As he could have been thus indicted and tried had he committed the offense during the regular time of the regular term, it follows that he can be so indicted and tried during the extension of the regular term, which is, as we have seen, only a prolongation of that term and in no sense a new term. Moreover, in Penman v. Commonwealth, 141 Ky. 660, 133 S. W. 540, we held that although there was no prosecution pending against an offender when a special term of court

was called, a special grand jury could be called to indict him and he could be tried and convicted during such term. *A fortiori* would this be true of an extension of a regular term. As the November, 1924, term of the Perry circuit court was a grand jury term, it remained so throughout its extension or prolongation. Therefore, there is no merit in appellant's first contention.

Appellant next insists that there was error in the formation of the grand jury which indicted him. There are several reasons why we cannot consider this contention of appellant. First, he made no complaint about this matter until he filed his motion and grounds for a new trial. In section 158 of the Criminal Code, it is provided that a motion to set aside an indictment can only be made on the grounds therein stated, among which is, "(1) a substantial error in the summoning or formation of the grand jury." By section 157 of that Code, a defendant upon arraignment must either move to set aside the indictment or plead thereto. In Taylor v. Commonwealth, 90 S. W. 581, where it was claimed that the indictment should have been set aside due to error in the organization of the grand jury, this court held that unless the motion to set aside the indictment was made at the time defendant was arraigned, it could not thereafter be made and such error, if any, was waived. To the same effect is Smith v. Commonwealth, 91 S. W. 742. It, therefore, is clear that appellant waived any error there was in the formation of the grand jury which indicted him by failing to move to set aside the indictment at the time he was arraigned. Furthermore, section 281 of the Criminal Code provides:

"The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall not be subject to exception."

Under this section, even had appellant moved to set aside the indictment on his arraignment, we could not have considered any ruling of the court upon such motion adverse to him. Sowders v. Commonwealth, 197 Ky. 834, 248 S. W. 187.

Appellant's third contention deals with the way the petit jury was selected. He first moved in the trial court that the jury to try him should be drawn from the jury wheel. The court overruled this motion and proceeded with the regular panel of the petit jury he then had on hand. Of this jury only seven qualified. The court then

ordered enough bystanders summoned to complete the panel over the protest of appellant, who again moved the court to draw such prospective jurymen from the jury wheel, which motion the court also overruled. Appellant insists that the action of the trial court in this regard was error. However, if we have the authority, despite section 281 of the Criminal Code, *supra,* to review the trial court's rulings in this regard, we may say that it was in accordance with section 2247 of the Kentucky Statutes, authorizing the summoning of bystanders to any number in a criminal case when the regular panel is exhausted. Such was the case here and so there is no merit in this contention of appellant.

Lastly, appellant urges that instruction number six was erroneous in that it so blended the reasonable doubt instruction with the instruction as to the reasonable doubt of the degree of the offense as to confuse the jury. Exactly the same contention with regard to practically the same instruction was made in the very recent case of Stanfill v. Commonwealth, 209 Ky. 10, 272 S. W. 1, and there disallowed. We see no reason to depart from that ruling.

Appellant has received the severest penalty known to the law. Unless he was insane at the time he committed this homicide, he cannot complain of the verdict of the jury, for but for such insanity, it was a murder without excuse or explanation. His question of sanity was duly submitted to the tribunal provided to decide such issue. It has decided that issue against him. As to his grounds for reversal, we have seen that the trial court committed no error prejudicial to his substantial rights or which we can review.

Its judgment is, therefore, affirmed.

Whole court sitting.