## Kidd v. Commonwealth.

(Decided April 23, 1929.)

R. L. POPE, DUNCAN & BELL and J. E. STEPHENS for appellant.

J. W. CAMMACK, Attorney General, and GEORGE HUNT MITCHELL. Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Joe Kidd shot and killed Major Hatfield. The grand jury returned an indictment for murder against Kidd, upon which he was convicted of manslaughter, and condemned to serve a sentence of 20 years and 1 day in the state prison. He has prosecuted an appeal to this court, insisting that the trial court erred in several particulars, which will be stated and determined in the course of the opinion.

■ A motion to quash the indictment was orally submitted to the court and overruled. The basis of the motion, as stated by appellant's counsel, was that the indictment had been made without an order of resubmission after a former grand jury had investigated the case and failed to indict. The record does not disclose whether an examining trial had been held, or whether the case had been considered by a previous grand jury, or whether any prosecution had been dismissed. In the absence of facts appearing of record to bring the case within the purview of sections 115 and 116 of the Criminal Code, the court could not properly sustain the motion. If the motion was made under section 117 of the Criminal Code, the same observation would apply, as the record does not show any previous submission of the charge to a grand jury. Cf. Criminal Code, secs. 157, 159, and 160. The question, in any event, is addressed to the discretion of the circuit court (Sutton v. Commonwealth, 97 Ky. 308, 30 S. W. 661, 17 Ky. Law Rep. 184) and its ruling thereon is not subject to review in this court (Criminal Code, sec. 281; Brannon v. Commonwealth 215 Ky. 589, 286 S. W. 785; Sloan v. Commonwealth, 211 Ky. 318, 277 S. W. 488; Sowders v. Commonwealth, 197 Ky. 837, 248 S. W. 187).

■ It appeared from the evidence that Kidd, at the time of the homicide, was a deputy sheriff. It is argued from this circumstance that he was entitled to an instruction of the character approved in Fleetwood v. Commonwealth, 80 Ky. 1, and Caperton v. Commonwealth, 189 Ky. 654, 225 S. W. 481, and other cases respecting the rights of an officer in making an arrest. It is said that deceased had violated the law in the presence of appellant, who was then authorized by the Criminal Code, sec. 36, subsec. 2, to arrest Hatfield, and, in the execution of that power, to disarm him. The trouble with the contention is that Kidd was not acting as an officer, and was not attempting to arrest Hatfield. He testified positively

and unequivocally that he shot Hatfield in defense of himself. The claim that he was an officer, and entitled to act as such on the occasion in question, was first brought up in a motion and grounds for a new trial, and was apparently an afterthought. A defendant who happens to be an officer may not claim the protection of his official character while acting in his private capacity. The court was not required by the facts shown in this case to give an instruction of the character that is appropriate when an officer acts in performance of his official duties.

■ Criticism is leveled at the instructions given by the court. It is said that the instruction on accidental killing failed to exclude the element of volition, but the instruction does not merit the cirticism. The jury was told in plain words that, if the killing was accidental, as thereafter defined, the jury should acquit the defendant. The definition of "accidental," as used in the instruction, was the unintentional, unexpected, and unforeseen happening of the shooting. The fact that the instruction was incorporated in two separate numbered paragraphs did not militate against its accuracy, as the jury was bound to know that instructions must be read together and considered as a whole. Hobson, Blain & Caldwell on Instructions to Juries, sec. 685. Denison v. Com., 198 Ky. 378, 248 S. W. 878. We are unable to see that the instruction on accidental killing could have been formulated so as to present that issue more succinctly or more clearly.

Another criticism is that the instructions on murder and voluntary manslaughter were combined in a single instruction. No fault with the substance of either instruction is found, but criticism is that they should have been given separately. The argument is inconsistent with that made respecting the one on accidental killing, and is plainly unsound. The jury was told to find Kidd guilty of willful murder if the shooting was done with malice aforethought, but guilty only of voluntary manslaughter if the shooting was done without malice aforethought, but in sudden affray, or in sudden heat of passion. They were further directed to fix the punishment in accordance with the degree of crime, if any, which they found to exist. Plainly, the instruction was correct, and not capable of confusing the jury, or susceptible to the construction that it required a conviction of the lesser offense, if appellant was acquitted of the greater one.

■ It is also insisted that the court failed to give to the jury the whole law of the case. This argument is

predicated upon an assumption that there was sufficient evidence to warrant the court in giving an instruction upon involuntary manslaughter, and another upon the careless and reckless use of firearms. Rains v. Commonwealth, 226 Ky. 173, 10 S. W. (2d) 643. But there is no evidence in the record to warrant such instructions. While there is evidence to the effect that Kidd was trying to take a shotgun from Hatfield, the shotgun was not discharged. Hatfield was purposely shot by Kidd with a pistol. There is some evidence that Kidd was struck on the arm about the time the pistol was discharged, but Kidd stated positively that he shot for the purpose of defending himself. The testimony affords no basis for an instruction on involuntary manslaughter or the careless use of firearms. Davis v. Commonwealth, 193 Ky. 600, 237 S. W. 24, 23 A. L. R. 1551. When a defendant bases his action entirely upon defense of himself or another, or some other ground not incompatible with an intentional killing, it is not necessary to give an instruction on involuntary manslaughter, or the careless use of firearms. Peace v. Commonwealth, 146 Ky. 754, 143 S. W. 399; Rains v. Commonwealth, supra.

Three witnesses for the commonwealth made out a plain case of willful murder, whilst an equal number of witnesses for the appellant gave versions of the transaction indicating that the shooting was done in self-defense. The credibility of the witnesses is exclusively for the jury. The case was fairly submitted to that tribunal, and we may not, upon conflicting evidence, revise or reverse its verdict. Perkins v. Commonwealth, 227 Ky. 129, 12 S. W. (2d) 297.

The judgment is affirmed.