## Bryant v. Commonwealth.

Feb. 5, 1943.

Dulin Moss for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

On this appeal from a judgment sentencing appellant, Herbert Bryant, to the penitentiary for two years following his conviction for storehouse breaking he contends that error was committed 1) in overruling his motion for a continuance and 2) in failing to give an instruction on trespass.

About midnight on the night of March 28, 1942, police officers of the city of Frankfort noticed a pane of glass broken out of the front door of the store of Eugene Triplett. The officers notified Triplett and on entering the store with him they found appellant crouched down behind the door. Triplett found that a number of old coins and some pennies were missing and also that his stock of cigarettes had been moved from the usual place —the cigarettes were later found under a counter. After taking appellant to the workhouse the officers found in his possession the old coins and the pennies which were identified as the property of Triplett.

Appellant testified that he was drunk on the night in controversy and remembered nothing about being at or in the store; that he remembered leaving a saloon and the next thing he recalled was awakening in the workhouse.

The indictment was returned on April 13, 1942. Subsequent to his arrest appellant remained in jail until shortly before his trial which was held on April 27. When the case was called for trial appellant's attorney stated to the court that he had been employed about five minutes before the case was called and had not had time to talk with defendant or his witnesses or to have any witnesses summoned or to make any preparation of the case. He thereupon requested a continuance. No affidavit was filed in support of the motion nor was it made to appear that the testimony of any witness was essential to the defense.

Following appellant's conviction he filed motion and grounds for a new trial in which the grounds assigned were those now urged on this appeal for a reversal of

the judgment. No affidavits of any purported witnesses were filed in connection with this motion for a new trial, nor was it otherwise made to appear to the court that any witnesses could be called in appellant's behalf if a new trial were granted. In short, there was a complete failure to make a showing that appellant's position would have been any better on a new trial than it was on the trial afforded him. In these circumstances it is clear that the court did not abuse its discretion in overruling the motion for a continuance and in overruling the motion for a new trial. The situation is almost identical with that in Penman v. Com., 141 Ky. 660, 133 S. W. 540, 542, in which the court said:

> "But neither the motion for a continuance, nor other part of the record discloses any fact that would even tend to show he was not as well prepared for trial at this term as he would have been at a subsequent term. Nowhere do we find the name of any witness that was needed in his defense, or mention of evidence that was not introduced in his behalf."

Since there was a complete failure to establish that appellant's position would be in any wise improved on a new trial, it is clear that the trial court committed no error in refusing to grant him a new trial.

It is argued that the trial court was in error in failing to give an instruction on trespass because the evidence shows that nothing was stolen from the store. This argument overlooks the fact that the police officers testified to finding on appellant's person some coins which were missing from the store. Further, it is not essential to a conviction for storehouse breaking under KS section 1164 (now KRS 433.190) that property be actually taken. It is sufficient if there be a breaking with intent to steal. Had appellant testified to a state of facts entitling him to an instruction on trespass, there might be merit in the argument that such an instruction should have been given but an instruction should never be given when there is no basis for it in the evidence. In addition to the usual and ordinary instructions covering a crime of this type an instruction was given authorizing the jury to acquit appellant if he was so drunk as to be incapable of forming or entertaining an intent to steal. In the light of the evidence offered by appellant this instruction was sufficient to present his defense to the jury.

Affirmed.