Case 38.—ACTION BY J. J. GREENLEAF, JUDGE, AND OTHERS AGAINST C. E. WOODS, MAYOR, FOR SALARY AS POLICE JUDGE.—September 20.

## Greenleaf, Judge, &c. v. Woods, Mayor.

'Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for Defendant. Plaintiffs appeals. Reversed.

1. Clerks of Courts—Appointment—Salary. Ky. St. 1903. Sec. 3514, provides that in cities of the fourth class the police judge shall be clerk of his own court, but that he may appoint a deputy clerk. Section 3515 provides that the board of council shall, by ordinance, fix the compensation for such police judge previous to his election or appointment. Held, that when a judge of a police court under such section appointed a deputy clerk, the council of the city had power, by ordinance, to fix the clerk's compensation in addition to that allowed to the judge for his services.

2. Same—Construction of Statute. Ky. St. 1903. Sec. 457, provides that a word importing the singular number only may extend and apply to several persons or things as well as to one person or thing, and vice versa; section 3514 provides that a police judge of a city of the fourth class shall be clerk of his own court, but may appoint a deputy clerk, and section 3515

declares that the council shall, by ordinance, fix the compensation of the police judge "for his services." Held, that the words "his services" might properly be construed to import "their services" and to authorize the council to make an allowance both to the judge and to the deputy clerk when appointed.

A. R. BURNAM, JR., ATTY. for appellant.

1. The city council is expressly empowered to fix the compensation of the police judge by ordinance.

2. The word compensation is much broader than the word salary, and includes clerk hire, office rent, fuel, stationery, traveling expenses and any other item incident to the holding of an office. (Am. & Eng. Ency of Law 23, 385, 389 and note 1.)

3. There could be no question raised to the validity of an ordinance allowing the police judge $200 a year for office rent, stationery and clerical assistance, in addition to his salary of $600 a year.

T. H. COLLINS and CLARENCE E. WOODS for appellee.

1. We submit that a common sense view of Sec. 3514 Ky. St., makes the police judge pay his deputy clerk out of his own pocket.

2. Any contract that is (ultra vires) is void, and appellee contends that an ordinance paying a police deputy clerk out of the city treasury is void, because it is beyond the power of the council to enact.

### AUTHORITIES CITED.

Ky. Statutes, sections 3157, 3361, 3512, 3515. City ordinance, Richmond, Ky., sections 25 and 40; Henderson, etc. v. city of Covington, 14 Bush, 312; Lowry v. city of Lexington, 75 S. W. 202; Dillon on Mun. Corp., Sec. 207, 233.

OPINION BY JOHN D. CARROLL, COMMISSIONER—Reversing.

The council of the city of Richmond—a city of the fourth class—enacted, prior to the election of Greenleaf as judge, an ordinance fixing the salary of the police judge at $600 per year, and the salary of the clerk of the police court at $200 per year, the salaries to be due and payable at the end of each month.

Section 3555 of the Kentucky Statutes of 1903 provides that the treasurer shall pay out money upon warrants drawn by the mayor and countersigned by the clerk of the board of council.

The appellant, H. R. Tevis, was appointed by J. J. Greenleaf, police judge of the city, as clerk of the police court, and when his monthly salary became due, the appellee who was mayor of the city refused to draw a warrant for any part of it, and this action was instituted by the clerk against appellee Wood, as mayor to compel him to draw his warrant for the monthly salary alleged to be due. A demurrer was sustained to the petition as amended, and the plaintiff electing to stand by his petition, the same was dismissed, and this appeal prosecuted.

Section 3514 of the Kentucky Statutes, which is a part of the charter of cities of the fourth class, provides that "the said judge shall be clerk of his own court; but it shall be lawful for him to appoint a deputy clerk who may perform all the duties of clerk of said court, who shall take the same oath of office as is required by law of a deputy clerk of a court." Section 3515, Kentucky Statutes, provides that "the fees and costs shall be taxed in cases in said court to the same extent, in the same way and under the same regulations as in courts of similar jurisdiction; but fees in all other than civil cases shall be paid into the city treasury. The board of council shall fix by ordinance the compensation for his services previous to his election or appointment." These sections of the statute direct that the judge shall be clerk of his own court, but give him the right to appoint a deputy clerk to perform the duty that the judge might discharge if he saw proper to do so. The statute does not expressly provide any compensation for a deputy clerk, if one should be appointed, nor does it make any direct provision for his payment, and it is insisted in behalf of the mayor that in the absence of legislative authority so to do, the council had no power to enact an ordinance giving to the deputy clerk $200 per annum or any other compensation; and that if a deputy clerk is appointed by a judge, he must be paid,

if at all, out of the compensation received by the judge.

Section 162 of the Constitution declares that "no county, city, town, or other municipality shall ever be authorized or permitted to pay any claim created against it, under any agreement or contract made without express authority of law and all such unauthorized agreements or contracts shall be null and void." Under this constitutional provision, if the board of council made this allowance to the deputy clerk without express authority of law, the mayor of the city was fully justified in declining to draw a warrant in his favor for any part of it. The statute quoted gives the judge of the court the right to appoint a deputy clerk, and we have reached the conclusion that when the judge does appoint a deputy clerk that the council may, by ordinance fix his compensation in addition to that allowed the judge for his services. It will not be doubted that the council had the power to fix the salary of the police judge at $800 per year, or in such a reasonable sum as in the judgment of the council would compensate the judge for his services as judge and clerk. The council in separate subdivisions of the ordinance fixed the salary of the judge and of the clerk. Suppose that the ordinance had provided that the police judge shall receive $600 for his services as judge and $200 for his services as clerk; could the validity of the ordinance be questioned? We think not, because the statute gives the council the right to fix the compensation of the judge in any reasonable sum, and in fixing his compensation the council, if it saw proper to do so, had the right to divide it into two or more amounts, specifying the service for which the compensation was allowed, and had also the power to enact that the judge should receive a designated part of the salary and any clerk appointed by him a fixed portion of it.

There is another view of this question that sus-

tains the validity of the allowance by the council to the clerk. Section 457 of the Kentucky Statutes provides that "a word importing the singular number only may extend and be applied to several persons or things as well as to one person or thing; and a word importing the plural number only may extend and be applied to one person or thing as well as to several persons or things." And the word "his" preceding the word "services" in the last sentence of section 3515 of the Kentucky Statutes before quoted, under the rule for the construction of statutes, and to carry out what seems to have been the intention of the Legislature, should be held to import "their services," and to authorize the council to make an allowance both to the judge and the clerk. Henderson v. Commonwealth, 122 Ky. 296, 91 S. W. 1141, 28 Ky. Law Reporter, 1212.,The Legislature in authorizing the judge to appoint a clerk of his court, certainly did not intend that the clerk should not be compensated, nor did it contemplate that the clerk should be paid by the judge out of the salary received by him as judge. If the judge appointed no clerk, but performed the duties of both offices; the council might make him an allowance to cover his services in performing the duties of both offices; and if he appoints a clerk, the council has the same power to compensate both the judge and the clerk for their services.

As the charter of the city created the office of clerk and empowered the council to compensate him, there is express authority of law for the ordinance enacted, and therefore the mayor should have drawn the warrant in favor of the clerk for his salary.

The judgment of the lower court is reversed, with directions to proceed in conformity to this opinion.