## Wattles v. Commonwealth.

(Decided October 24, 1919.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Assault—Evidence—Instructions.—Where it is shown by the uncontradicted evidence of the Commonwealth that an assault was made with intent to rob, the court did not err in failing to instruct the jury upon the question of assault and battery without such intent, since there was no evidence to support this question and it is not proper for the court to instruct upon a question not supported by the evidence.

2. Criminal Law—Evidence—Verdict.—Where two witnesses positively identified defendant as the man who committed an assault with intent to rob, and the defendant and one witness (who had been indicted jointly with defendant and had pleaded guilty) declared positively that he was not present and did not participate, the issue was clearly for the jury and their verdict cannot be disturbed as being contrary to the evidence.

GARDNER K. BYERS for appellant.

CHARLES H. MORRIS, Attorney General, and BEVERLY M. VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, Sam Wattles, and another, Rob Ray, were jointly indicted for an assault with intent to rob, made a felony by section 1160, Kentucky Statutes. Ray pleaded guilty and the appellant was convicted and sentenced to confinement for two years in the state penitentiary, from which judgment he prosecutes this appeal. He asks a reversal because of the failure of the court to instruct the jury upon the question of assault and battery, a lesser degree of the offense charged in the indictment; and, upon the ground that the verdict is contrary to the evidence.

It was shown by the Commonwealth's testimony, of which there is no contradiction, that near midnight on a Saturday in June, 1919, Ray and another man committed an assault upon George Ehll in his place of business at Thirteenth and Walnut streets, Louisville, with the intention of robbing him, but that after assaulting him with a pistol and a glass bottle they were frightened away without having accomplished their purpose.

Appellant's defense was an *alibi,* and in support of his own testimony that he was not with Ray or present at the time the offense was committed he introduced Ray, who testified that one Ellis Wood was his confederate, and that appellant was not present or in any way implicated in the crime, but he testified, as had the witnesses for the Commonwealth, that the assault committed upon Ehll was made with the intention of robbing him, so it is clear that there was no evidence whatever of any kind of an assault except one committed with the intention to rob, and appellant was either guilty of this offense or not guilty of any, and the only question for the jury was as to whether appellant was present and assisted Ray in the assault made upon Ehll with intent to rob him. Hence the court did not err in failing to instruct upon the question of assault without such intention, since it is not proper for the court to instruct upon any question not supported by the evidence. Day v. Commonwealth, 173 Ky. 269; Johnson v. Commonwealth, 179 Ky. 40; Barnes v. Commonwealth, 179 Ky. 725; Grau v. Commonwealth, 185 Ky. 111.

2. Since two witnesses for the Commonwealth positively identified the appellant as the man who, with Ray, committed the assault upon Ehll with the intention of robbing him, while upon the other hand the appellant and Ray positively declared that appellant did not participate and was not present when the crime was committed, the issue was clearly for the jury, as it is peculiarly their province to pass upon the credibility of witnesses and determine the weight to be given to their conflicting statements. It is only where the verdict is palpably against the evidence that this court is authorized to set it aside, which is certainly not the case here.

Wherefore the judgment is affirmed.