## Biggs v. Commonwealth.

(Decided December 1, 1922.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law—Aiders and Abettors.—One who is present aiding and abetting another in the commission of a crime is a principal in the second degree; and to constitute a principal in the second degree there must be in the first place a participation in the act committed, and in the second place presence, either actual or constructive, at the time of its commission.

2. Criminal Law—Aiders and Abettors—Instructions.—An instruction authorizing a conviction of defendant as an aider or abettor without reference to whether or not he was actually or constructively present when another committed the crime, was erroneous and prejudicial where there was no evidence of his presence, either actual or constructive, at the time.

3. Criminal Law—Aiders and Abettors.—To be constructively present as an aider or abettor one must be in such contiguity as to enable him actually to render aid at the time the crime was committed.

4. Criminal Law—Conspiracy to Murder—Argument of Counsel.—Upon a trial for conspiracy to murder had in another county upon a change of venue, statements by counsel for the prosecution in his argument to the jury to the effect that in the county of original jurisdiction public sentiment was against the defendant, and that defendant had tried to intimidate witnesses and the attorney for the Commonwealth, were improper and prejudicial.

5. Criminal Law—Trial—Waiver.—Where the defendant objected to such statements at the time they were made and the court re-

fused to rule thereon, to which an exception was saved, the objection was not waived.

WAUGH & HOWERTON, M. S. BURNS and THOS. S. YIATES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The grand jury of Carter county, by indictment returned August 9, 1922, charged the appellant, his brother Bob Biggs, his sister Maude Biggs, and his nephew Cam Biggs, of the crime of entering into a conspiracy with each other and one Dominique Guerdini, an Italian, to murder Charles F. Duvall in that county, unsuccessfully attempted by Guerdini in pursuance of such conspiracy. Appellant procured a change of venue to Lawrence county, where a trial resulted in his conviction and sentence to the penitentiary for eight years.

Of the grounds urged for reversal only two need be considered, since because of them the judgment must be reversed, and the others involving only continuances asked before and during the trial, probably will not recur upon another trial. The two grounds referred to are: (1) That an instruction given is prejudicially erroneous, and (2) that arguments to the jury of attorneys for the prosecution were improper and prejudicial.

1. The instruction referred to authorized a conviction if the jury believed that defendant had been proven guilty of the conspiracy as charged, or if the jury believed from the evidence the defendant had aided, assisted or abetted Guerdini in shooting at Duvall. It is to the latter part of the instruction that the criticism is directed. It reads:

"Or if the jury believe from the evidence beyond a reasonable doubt that in Carter county, Kentucky, and before the finding of the indictment herein, D. Guerdini wilfully, maliciously and feloniously shot at Charles F. Duvall with a pistol or shotgun with the intent to kill him, but did not wound him, and shall further believe from the evidence beyond a reasonable doubt that the defendant, Jack Biggs, wilfully, feloniously and maliciously aided, assisted, abetted, advised, encouraged or hired the said D. Guerdini to do the shooting, if he did do it, they should find the defendant guilty," etc.

The doctrine is thoroughly established that one who is present aiding and abetting another in the commission of a crime is a principal in the second degree, and that to constitute a principal in the second degree there must be in the first place a participation in the act committed, and in the second place presence, either actual or constructive, at the time of its commission. Plummer v. Commonwealth, 1 Bush 76; Able v. Commonwealth, 5 Bush 702; Vance v. Commonwealth, 115 S. W. 774; Roberson's Criminal Law, Vol. 1, page 91; Wharton's Cr. Law, 4th Ed. 120; 1. R. C. L. 139.

It will be noticed that the portion of the instruction quoted above authorizing the conviction of the defendant as an aider and abettor, did not require the jury to believe that he was present, either actually or constructively, when the crime was committed, and having omitted any reference to one of the two essential elements of the crime for which the jury were authorized to convict defendant, it is apparent that the instruction is erroneous, and this error was necessarily prejudicial if, as counsel insist, there was no evidence whatever that the defendant was present, either actually or constructively, when the crime was committed. No witness testified that the defendant was actually present, or in such contiguity as to enable him actually to render aid to Guerdini at the time he did the shooting, which is necessary for constructive presence under the authorities, *supra.* Upon the other hand it was established without contradiction that the defendant at the time was in Grayson, more than 10 miles distant from the place of the shooting, engaged in matters in no way connected with the shooting.

He was therefore neither actually nor constructively present when the shooting occurred, and an instruction authorizing his conviction as a principal in the second degree was necessarily erroneous and prejudicial, even if it had been in proper form.

2. Special counsel, employed to assist in the prosecution, in the course of his argument to the jury stated:

"That in the trial of Charles F. Duvall for the killing of Dr. Harvey L. Biggs at Grayson, Kentucky, there was a mighty demonstration of the people when a jury of Carter county brought in a verdict acquitting him of that murder, which showed the sentiment of the people."

Appellant by his counsel objected to this statement, but the court refused to rule on the objection, and appellant saved an exception.

The only motive proven or suggested for defendant's participation in Guerdini's effort to kill Duvall resulted from the fact that Duvall had killed his brother, Dr. Harvey L. Biggs, and had been acquitted therefor, and the ground upon which he procured a change of venue was the fact that public sentiment in Carter county was so hostile to him as would prevent him from having a fair and impartial trial in that county.

The only conceivable purpose of the above statement by counsel for the prosecution was to inform the jury of the condition of public sentiment in Carter county, because of which the court had granted defendant a change of venue in order that he might have a trial unaffected by that sentiment. It would be hard to imagine a matter outside of the record that would have been more likely to seriously impair the substantial rights of the defendant, as its effect, if not its intent, was to defeat the purpose of the change of venue.

The commonwealth's attorney, however, in his closing argument to the jury was but little if any less flagrant in abusing the license allowed to attorneys in arguing their cases, when he said:

"The Biggs tried to intimidate the witnesses in this case; they even tried to intimidate me by meeting me on the street and saying, 'We will be enemies from now on;' and I took Guerdini in the back end of the grand jury room and asked him why he wouldn't tell, and he said, 'I'm afraid.' I told him we would surround the courthouse with guards, and then he told me the story that he told you on the witness stand."

Guerdini testified upon the trial of the defendant that he attempted to assassinate Duvall in an effort to carry out a conspiracy which he had formed with the defendant and others. He had previously denied doing the shooting or that he had conspired with the defendants or others to do so. The defendants and others charged with conspiring with Guerdini to kill Duvall, upon the trial stoutly denied any connection whatever with Guerdini, or that they knew or ever saw him until after the shooting occurred.

Defendant's innocence or guilt as charged depended almost exclusively upon whether the jury believed Guerdini and his wife upon the one side, or defendant, his brother, sister and nephew upon the other. There was no evidence in the record to support any part of the above statement by the commonwealth's attorney, and its only purpose obviously was to induce the jury to believe Guerdini rather than the defendant, by making Guerdini's former denial of defendant's guilt seem reasonable because based upon fear of the defendant, and that that fear was justified because of threats defendant had made to the commonwealth's attorney for his participation in the prosecution.

The Assistant Attorney General, who briefed the case, for the Commonwealth does not of course attempt to defend or excuse either of these statements, but argues that the defendant waived his objections thereto because the court refused to pass upon his objection urged at the time and to which refusal he saved an exception. In support of this contention we are referred to cases from this court holding that a party waived objections to evidence offered and to opening statements by counsel, where he failed to have the court pass upon such objections, but it is patent that none of those cases applies here where the defendant urged his objection upon the court, and, as recited in the record, the court refused to act thereon, to which the defendant excepted.

The failure of the court here was not due to any failure on the part of the defendant to press his objection upon the court's attention, as was the case in each of the cases cited; and he did not fail to do anything he could have done or that could possibly be construed as a waiver by him. Upon the other hand, when the court refused to pass upon his objection to each of the above statements, he saved an exception—not to any ruling of the court, but to his refusal to act—and that was all he could do.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.