## Highbarger v. Commonwealth.

(Decided October 16, 1928.)

### Appeal from Anderson Circuit Court.

1. Homicide.—In prosecution for murder resulting in conviction for manslaughter, failure to instruct that time elapsing between previous difficulty with decedent and the one in which shooting occurred was, as a matter of law, an inadequate "cooling time," held not prejudicial, since such instruction could operate only to reduce offense from murder to manslaughter.

2. Homicide.—Evidence held to warrant conviction of manslaughter by shooting deceased with shotgun.

3. Criminal Law.—Rulings of trial court sustaining objections to evidence were not reviewable on appeal, where no avowal was made as to what answer witnesses were expected to make.

WILLIAM E. DOWLING and WILKES H. MORGAN for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Emmett Highbarger shot and killed Richard Southerland. He was indicted for murder, and on his trial was convicted of manslaughter and given a sentence of 18 years in the penitentiary. On this appeal by him, complaint is made that the jury was not properly instructed, and that competent evidence offered by him was excluded from the consideration of the jury.

The instructions were the usual and proper ones to be given on a trial of this character, and fully submitted to the jury every issue in the case. They were faultless in form and sufficient in substance. The appellant insists, however, that he was entitled to an additional instruction advising the jury that the time elapsing between a previous difficulty with decedent and the one in which the shooting occurred was, as a matter of law, an inade-

quate "cooling time." There is no merit in the contention. Appellant was not convicted of murder but of manslaughter, and the instruction he thinks should have been given could have operated only to reduce the offense charged from murder to manslaughter. It is therefore unnecessary for us to consider or determine whether such an instruction was proper, as its absence was not prejudicial to appellant.

The evidence shows that an altercation occurred between the defendant and the decedent resulting in decedent striking appellant with an axehandle. He left the place of the difficulty and obtained a shotgun, returned to the scene, and immediately shot and killed his adversary. The evidence fully warranted the jury in finding the appellant guilty of manslaughter, and, no doubt, but for the previous difficulty and the brief time between the two occassions, the appellant would not have fared so well.

The objections to evidence which the court sustained are not properly before us for review. The rulings of the court were made on objections to questions, and no avowal was made as to what answer the witnesses were expected to make. It is an established rule of appellate practice that such an avowal must be made, if a review of the ruling is desired. Westchester Fire Ins. Co. v. Crume, 223 Ky. 707, 4 S. W. (2d) 716. The reason for the rule is that this court is unable to determine from a question what the answer of the witness would have been. It may have been favorable or unfavorable, competent or incompetent, and we cannot speculate upon the subject.

A motion was made by the commonwealth to strike the bill of evidence, which was passed to the merits. It is apparent from the whole record that the bill of exceptions was filed in time, but a typographical error in one place indicates that it was filed too late. In view of the conclusion we have reached on the merits, it is unnecessary to pass upon this question.

A careful examination of the evidence and the rulings of the court convinces us that the appellant had a fair trial, that the jury was lenient, and that appellant has no just ground of complaint.

The judgment is affirmed.