## Cooksey v. Commonwealth.

(Decided October 7, 1930.)

JAMES W. POWELL, NEVILLE MOORE and T. D. HEWLETT for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Willis—Affirming.

A. B. Cooksey has appealed from a death sentence imposed upon him for the murder of John H. Ashby.

One Sunday afternoon in November, 1929, the appellant and his brother, Houston Cooksey, armed themselves with pistols and went to the house of Odelia Briley in the negro section of the city of Madisonville. A crowd of congenial spirits had foregathered there and the hilarity soon degenerated into an altercation of ominous character. The two Cookseys left the house carrying their pistols in their hands, and paraded the public streets muttering threats and terrorizing the neighborhood. The police were called, and the chief, John H. Ashby, accompanied by one of his subordinates, soon arrived upon the scene. Shortly before the arrival of the officers the Cookseys held up some boys in an automobile, but said they were looking for the "law" and since they were not the "law" let them go on their way. The officers called to the Cookseys, who then crossed the street with their pistols drawn. Houston Cooksey approached the policeman and succeeded in obtaining possession of his pistol. A. B. Cooksey at the same time pointed his pistol at the chief and refused to put it up. Mr. Ashby tried to disarm him, and while doing so Cooksey fell with Mr. Ashby upon him. Mr. Ashby held to the wrist of Cooksey, and Cooksey clung to his pistol. There is testimony that both the Cookseys shot at Mr. Ashby, who sustained several bullet wounds resulting in his instant death. Houston Cooksey and his brother both ran away from the scene, but only after a bystander had fired at them with a shotgun. A. B. Cooksey compelled a young man with an automobile to take him to Wheatcroft, where he was captured. Houston Cooksey was cornered in his room and killed. An indictment was returned against the appellant charging him with the murder of John H. Ashby, either by shooting him with a pistol, or by aiding and abetting Houston Cooksey in doing so.

The jury found A. B. Cooksey guilty of aiding and abetting in the commission of the crime, and condemned him to suffer the penalty of death. He is here seeking a reversal of the judgment of conviction upon the grounds: (1) That the verdict is palpably against the evidence, (2) that the instructions were erroneous and inadequate, and (3) that counsel for the commonwealth misbehaved in his argument to the jury.

1. The verdict of a jury, under the present law, may be set aside by this court if it is palpably against the evidence, and could be accounted for only upon the ground that it was the product of passion and prejudice against the accused. Day v. Com., 197 Ky. 730, 247 S. W. 951; Miracle v. Com., 228 Ky. 591, 15 S. W. (2d) 429. But no such case is presented in this instance. There was testimony to the effect that appellant and his brother were boisterous and menacing, going about the public streets with pistols in their hands. They refused, at the request of the officers, to surrender or to put away the pistols. They threatened especially officers of the law in general, and the policeman heard both of the brothers cursing "the law," which is an underworld expression for officers. Mr. De Moss testified that Houston Cooksey drew his gun upon him, while appellant pointed his at Ashby and advanced upon him. Other witnesses saw the same thing. De Moss further said that appellant shot at Ashby. He is sustained on that point by the testimony of Leslie Dukes, Mrs. Dukes, and E. D. Keeper. The evidence that appellant aided and abetted his brother is overwhelming. The two were engaged jointly in unlawful conduct. They co-operated in every move that was made. Both fired at the deceased, and both escaped with their own weapons, and with one pistol belonging to the policeman. It would be difficult to define a case coming more clearly within the operation of the law concerning aiding and abetting in the commission of crime.

> "In order to constitute one an aider or abettor in the commission of a crime he must be actually or constructively present at the time of its commission, and participate in some way in the act committed. It is not essential that there should be a prearrangement or mutual understanding, . . . but, in the absence of these, it is essential that the one so charged should in some way, either by overt act or by expression or advocacy or sympathy, encourage the principal in his unlawful acts." Bradley v. Com., 201 Ky. 413, 257 S. W. 11, 13; Smiddy v. Com., 210 Ky. 359, 275 S. W. 872; Roberts, Bevins & McCoy v. Com., 212 Ky. 791, 280 S. W. 111.

The one accused as aider and abettor must be shown to have shared in the criminal intent of the principal in the first degree. Combs v. Com., 224 Ky. 653, 6 S. W.

(2d) 1082; Levering v. Com., 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Anderson v. Com., 193 Ky. 663, 237 S. W. 45; Elmendorf v. Com., 171 Ky. 422, 188 S. W. 483; Landrum v. Com., 123 Ky. 472, 96 S. W. 587, 29 Ky. Law Rep. 924; Whitt v. Com., 221 Ky. 490, 298 S. W. 1101; Stacy v. Com., 221 Ky. 258, 298 S. W. 696; Mitchell v. Com., 225 Ky. 83, 7 S. W. (2d) 823; Fleming v. Com., 217 Ky. 485, 290 S. W. 339; Hudson v. Com., 227 Ky. 831, 14 S. W. (2d) 146.

The evidence for the commonwealth was to the effect that appellant participated and assisted in the entire transaction, and shared fully the criminal intent which eventuated in the murder of Ashby. It is clear that the verdict accords with the weight of the evidence, and affords no room for the contention that it is wholly unsupported by proof of guilt.

2. The court gave eight instructions and the complaint is that they were inadequate in two particulars. It is said that the instruction upon manslaughter omitted an essential ingredient of that crime, and that an additional instruction should have been given defining the duties and powers of the officers in apprehending culprits, and the rights and duties of the defendant when confronted by officers. The instruction upon manslaughter was in the approved form, except that the phrase, "upon provocation ordinarily calculated to excite the passions beyond reasonable control," was omitted. It will be seen at once that the omission was not prejudicial to appellant. The instruction as given authorized the jury to find defendant guilty of the lesser offense of manslaughter, if the killing of Ashby was done in a sudden affray, or in sudden heat and passion, even though the provocation was not of the degree reasonably calculated to overcome self-control. It is rudimentary that the instructions must be based upon the evidence for the purpose of advising the jury the law applicable under any hypothesis reasonably deducible from the evidence. Day v. Com., 173 Ky. 269, 191 S. W. 105; Wattles v. Com., 185 Ky. 486, 215 S. W. 291; Barnes v. Com., 179 Ky. 732, 201 S. W. 318. In the absence of evidence of provocation reasonably calculated to excite the passions beyond control, there is no occasion for an instruction including that element. Cavanaugh v. Com., 172 Ky. 799, 190 S. W. 123; Thurman v. Com., 142 Ky. 347, 134 S. W. 174; Lucas v. Com., 231 Ky. 76, 21 S. W. (2d) 113; McHargue v. Com., 231 Ky. 82, 21

S. W. (2d) 115. Cf. Brummett v. Com., 235 Ky. 322, 31 S. W. (2d) —.

In Martin v. Com., 78 S. W. 1104, 25 Ky. Law Rep. 1928, relied upon by appellant, every element essential to a proper instruction upon the subject under consideration was entirely omitted. In Finney v. Com., 82 S. W. 636, 26 Ky. Law Rep. 785, also cited upon this branch of the case, the instruction given did not contain the words "in sudden affray," and the phrase, "upon considerable provocation," was substituted for the proper one to the effect that the provocation must be such as is ordinarily calculated to excite the passions beyond control. The difference in the two cases is too obvious to require discussion.

So, it appears not only that the instruction was not fatally deficient, but that the omission of any reference to provocation when none was proven could not have been prejudicial to appellant.

It is equally clear that the case did not call for an instruction defining the duties of an officer in making an arrest, and the relative duties and rights of the party being apprehended. The issues under the evidence in this case were fully presented by the instructions on murder, manslaughter, aiding and abetting, and the formal instructions common to homicide cases. No authority is adduced to support the suggestion that additional instructions were necessary.

The issues raised by the evidence were embraced by the directions given to the jury, and when that is true the requirements of the law and the demands of fair play are satisfied. Davis v. Com., 193 Ky. 597, 237 S. W. 24, 23 A. L. R. 1551; Highbarger v. Com., 225 Ky. 802, 10 S. W. (2d) 286; Duval v. Com., 225 Ky. 827, 10 S. W. (2d) 279.

The rules respecting instructions in cases where officers are killed in attempts to apprehend culprits are familiar to the profession (Fleetwood v. Com., 80 Ky. 1; Cornett v. Com., 198 Ky. 236, 248 S. W. 540; Dilger v. Com., 88 Ky. 551, 11 S. W. 651, 11 Ky. Law Rep. 67), but the appellant could not complain that his case was treated as a case of homicide by one citizen upon the person of another; that being a distinct advantage to him (Bishop v. Com., 109 Ky. 558, 60 S. W. 190, 22 Ky. Law Rep. 1161).

3. The argument of the commonwealth's attorney to which objection is made consisted of three separate statements as follows:

1. "If juries do not do things legally, I am afraid that sometimes things may be done illegally."

2. "While John Ashby sleeps tonight in a country graveyard, this defendant is alive and able to enjoy life. John Ashby's family will never again hear his footsteps, and his friends will never again hear his voice. The thing to do to this defendant is to put him in the same narrow prison walls in which he placed John Ashby."

3. "What good is his life? His life is ruined and this evidence *shows* him to be a desperate character."

It is said that these remarks tended to render the defendant odious to the jury, and amounted to persecution. Appellant cites several cases which will be briefly noticed.

In Bailey v. Com., 193 Ky. 687, 237 S. W. 415, the court in substance said that it is not error for a prosecuting attorney to urge upon the jury the propriety of enforcing the law by the infliction of adequate punishment for its violation, and an appeal to the jury within that rule was not to be condemned.

In Johnson v. Com., 217 Ky. 565, 290 S. W. 325, the argument of the attorney was condemned because it stated facts not in the record, inadmissible in any event. and peculiarly calculated to arouse the passion and prejudice of the jury against the accused.

In Seymour v. Com., 220 Ky. 348, 295 S. W. 142, the argument was that when life sentences are given, the culprits get out, lead lives of crime, and kill other citizens. It was severely condemned, but was held unavailable to the appellant in that case because he did not make it a basis of his motion for a new trial.

In Slaughter v. Com., 149 Ky. 5, 147 S. W. 751, the argument was caustic and bitter to the point of brutality, ind included a statement that if Gordon Jones had been put upon the witness stand a story would have been brought out to make the blood run cold. The Gordon Jones referred to was not summoned or introduced as a witness, although present at the trial. The case was reversed mainly on account of the argument.

In Bates v. Com., 210 Ky. 421, 276 S. W. 119, the prosecutor said that the people of the county would not be satisfied with any verdict less than the extreme penalty. The remark was not approved, but it was held non-prejudicial.

In Music v. Com., 186 Ky. 45, 216 S. W. 116, 121, it was said:

> "The law . . . recognizes the frailty of human nature, and that in the heat of argument inappropriate remarks are liable to be made; but unless they are altogether unfounded from any fact or circumstance appearing in the case, and manifest such a wide departure from legitimate deductions as to be at once poisonous and prejudicial, a reversal will not be ordered for that reason alone. But if the complained of remarks are entirely foreign to anything appearing in the case, and if they were made for the purpose of taking an undue advantage, and such was their probable effect, it is the duty of the court to reverse the judgment rendered upon a verdict so obtained."

But the judgment in that case was not reversed. The remarks there complained of bore no resemblance to those criticised in this case.

In Berry v. Com., 227 Ky. 528, 13 S. W. (2d) 521, the opinion contains an elaborate discussion of the subject in general, but it is not particularly pertinent in the present case.

In Biggs v. Com., 196 Ky. 655, 245 S. W. 292, the attorney made harmful statements of fact without any support in the record.

The argument in question was within the record, and did not offend the established rules. It imported no extraneous facts. It appealed to no prejudice, but was addressed to the judgment of the jury as an argument upon the extent of punishment to be inflicted, if defendant was found guilty. We have held that it is legitimate argument to insist upon the jury doing its duty for the purpose of preventing bloodshed and crime. Meredith v. Com., 148 Ky. 106, 146 S. W. 407; Allen v. Com., 176 Ky. 493, 196 S. W. 160. And it is not improper to urge upon the jury reasons for fixing the severest penalty the law authorizes, which the jury is empowered to fix. Bolin v. Com., 206 Ky. 608, 268 S. W. 306.

462

We have said that so long as the record is regarded in the statement of facts, and reason is respected in drawing deductions therefrom, the attorney prosecuting a case is free to employ in his argument all the ability, skill, and persuasive power that he possesses. Housman v. Com., 128 Ky. 818, 110 S. W. 236, 33 Ky. Law Rep 311; Johnson v. Com., 225 Ky. 413, 9 S. W. (2d) 53; Ratcliffe v. Com., 231 Ky. 337, 21 S. W. (2d) 441; Browder v. Com., 232 Ky. 205, 22 S.W. (2d) 615.

The argument complained of in this case affords no ground for a reversal of the judgment of conviction.

The assistant attorney general in his brief has paid just tribute to the fidelity, skill, and ability shown by the attorneys appointed by the court to defend appellant. They have discharged a solemn duty with signal ability, and have done for the appellant all that was reasonably possible under the law and the facts as they were found. The dreadful fate that has befallen appellant was but the work of his own hands, and the inevitable consequence of disrespect for the laws of his country, coupled with a disregard for the rights of his fellow man.

The judgment is affirmed.