## Adkins v. Commonwealth.

(Decided October 25, 1932.)

O. H. BROOKS and M. H. GOLDSTON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal presents for review the sufficiency of the indictment, when tested by a general demurrer, and the sufficiency of the evidence to authorize a submission of the case, and to sustain the verdict of the jury.

The appellant was indicted in the Graves circuit court for the crime of hog stealing, the punishment for which is prescribed by section 1196, Ky. Stats. His punishment was fixed by the verdict of the jury at confinement in the penitentiary for a period of one year. The indictment contains the essential and usual allegations required to constitute the crime charged. It avers however, that "four hogs of the value of more than four dollars" were taken, stolen, and carried away.

It is argued by appellant that section 1196, Ky. Stats., fixes the punishment for stealing "a hog of the value of $4.00 or more," at confinement in the penitentiary for not less than one nor more than five years, and the indictment charges the appellant with the stealing of four hogs, therefore, it charges him with more than one offense, and that in virtue of section 126, Criminal Code of Practice, requiring an indictment to charge but one offense, it is duplicitous and for this reason it is demurrable.

"The words used in an indictment must be construed according to their usual acceptation and common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Criminal Code of Practice, sec. 137; Middleton v. Com., 197 Ky. 423, 247 S. W. 40.

"A word importing the singular number only may extend and be applied to several persons or things, as

well as to one person or thing, and a word importing the plural number only may extend and be applied to one person or thing as well as to several persons or things.'' Section 457, Ky. Stats.; Greenleaf v. Woods, 123 Ky. 306, 96 S. W. 458, 29 Ky. Law Rep. 723. In view of this applicable section of the Code and Statutes, it is apparent that the insistence that the indictment charges more than one offense, and, for this reason, it is demurrable, is untenable.

At the conclusion of the evidence in behalf of the commonwealth, the appellant requested a directed verdict, finding him not guilty. This request was made on the theory that the indictment charged more than one offense. His request was properly refused. However, we shall further consider his right to a peremptory instruction in connection with his contention that the evidence is insufficient to authorize a submission of the case to the jury and to sustain its verdict. The appellant, at the time it is alleged the offense charged in the indictment was committed, resided at Puryear, Tenn. The place at which the offense was shown to have been committed was near Mayfield, Graves county, Ky., several miles from Puryear, Tenn. On the third Monday night in August, 1931, Boyce Swann was the owner of four shoats of the market value of $20. One was solid white, one solid red, another was white with red hair on the hip, and the fourth was ''sandy colored, with a ring around its neck and a white spot on its forehead.'' He reported the loss of his hogs to the sheriff of Graves county. Information imparted to Swann induced him to go to the appellant's home at Puryear, Tenn., accompanied by others, where he and those with him engaged in a conversation with the appellant. They informed him of the fact that the hogs had been stolen and gave him a description of them, which he at the time reduced to writing, and stated that he did not know anything about the hogs described, but that he would like to catch the fellow who had stolen them, and would do anything to help find them. He informed them that they might be in possession of certain negroes two or three miles from Puryear, and suggested he would go with them to the home of the negroes, where he showed them several hogs. On this trip to Puryear, the hogs were not located by Swann. About four to six weeks later, Swann received information which induced him to return to Puryear and make further investigation of the whereabouts of his hogs. The sheriff of Henry

county, Tenn., the county in which Puryear is located, participated in the investigation and effort to locate Swann's hogs. With the description of them in his possession, the appellant stated to the sheriff of Henry county that he had not owned any hogs of that description; nor had them in his possession. Before the sheriff's interview with him, the appellant had sold and delivered the Swann hogs to one Brezendine who resided near Puryear, Tenn. Brezendine had sold them to Etheridge who resided in Puryear, and they were at the time of the interview of the sheriff, in Puryear, in the possession of Etheridge. About four to six weeks after the first conversation with appellant concerning the Swann hogs, the sheriff received information that they were in the possession of Etheridge and again discussed the Swann hogs with the appellant, and informed him that Etheridge had the Swann hogs and claimed that he had bought them from Brezendine and Brezendine insisted that he had purchased them from the appellant. The day following the sheriff's second conversation with him, the appellant informed the sheriff that he had purchased the hogs from Spann at Murray, Ky. The appellant stated to the sheriff of Henry county, that he was in Mayfield, Ky., on the third Monday in August, 1931. Other witnesses, in behalf of the commonwealth, including the sheriff of the county of Graves, testified that appellant was in Mayfield, Ky., on the third Monday in August, 1931. Swann resided, and his hogs were on that day, in the vicinity of Mayfield, Ky. Swann obtained possession of his hogs from Etheridge. Spann, the man from whom the appellant claimed he had bought the Swann hogs, was sent for. At that time appellant was at his place of business at Puryear. After Spann was sent for, and before his arrival, witnesses for the commonwealth claim that the appellant disappeared from his place of business and was not seen by those interested in the recovery of the hogs and the detection of the person who had stolen them, and that he did not return until after the interested parties had dispersed. The identity and ownership of the Swann hogs were not disputed by the appellant. His claim that he had purchased them from Spann was established by the testimony of himself and a number of witnesses. The insistence of Spann that he did not sell and deliver the Swann hogs to the appellant was equally as well established by a number of witnesses. The statements of appellant to Swann and

those present with him, and to the sheriff of Henry county, Tenn., concerning his lack of knowledge of the Swann hogs, and their whereabouts, and his conduct incident to the transaction, strongly corroborate the theory of the commonwealth, and rebut the claim of the appellant and the witnesses in his behalf. There is an irreconcilable, positive conflict in the evidence in behalf of the commonwealth and that of the appellant. The credibility and the weight to be given to the testimony of the witnesses, and the truth thereof, were peculiarly and exclusively for the jury. Branham v. Com., 223 Ky. 238, 3 S. W. (2d) 629; Kidd v. Com., 229 Ky. 87, 16 S. W. (2d) 769; Crawford v. Com., 225 Ky. 282, 8 S. W. (2d) 406; Epperson v. Com., 227 Ky. 404, 13 S. W. (2d) 247. Whether the testimony of the witnesses for the commonwealth or the defendant was to be believed was for the jury. Lefler v. Com., 216 Ky. 177, 287 S. W. 569. Whether the witnesses of the one or the other was to be believed in preference to the other was a matter which the jury had the sole right to determine. Wattles v. Com., 185 Ky. 486, 215 S. W. 291. It cannot be disputed there were facts and circumstances tending to establish the guilt of the appellant, though there was much evidence to the contrary; still the question was one for the jury. Feree v. Com., 193 Ky. 347, 236 S. W. 246; Clines v. Com., 221 Ky. 461, 298 S. W. 1107; Hall v. Com., 231 Ky. 473, 21 S. W. (2d) 799. The evidence being conflicting, under the prevailing rules, this court will not reverse and direct a new trial in a criminal case unless some other prejudicial error was committed in the conduct of the trial, or the verdict is so flagrantly against the evidence as to shock the court's conscience. Mullins v. Com., 230 Ky. 624, 20 S. W. (2d) 442; Jennings v. Com., 235 Ky. 391, 31 S. W. (2d) 622. Nor will this court reverse a verdict of guilty sustained by some evidence although it is against the preponderance of the evidence. Bourne v. Com., 234 Ky. 842, 29 S. W. (2d) 561.

A verdict of guilty to be flagrantly against the evidence must be without the support of any evidence. Gilbert v. Com., 228 Ky. 19, 14 S. W. (2d) 194; Maggard v. Com., 232 Ky. 10, 22 S. W. (2d) 298. When these rules are applied to the facts appearing in the record, it is very clear that the trial court committed no error prejudicial to the substantial rights of the

508

appellant in overruling the motion for a peremptory instruction and submitting the case to the jury.

Judgment affirmed.