## Miniard et al. v. Commonwealth.

(Decided May 29, 1936.)

ISAAC TURNER for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

High Miniard, Roy Miniard, Charlie Miniard, and Waldo Hoskins appeal from a one-year sentence for grand larceny.

It is first insisted that the indictment is defective, in that it charged that the defendants "on the 22nd day of August, 1935, and before the finding of this indictment, did unlawfully, willfully and feloniously, with force and arms, take, steal and carry away four hogs of the value of $40.00 the property of Lawrence Howard," etc., without giving the value of each hog, or stating that the hogs were stolen at the same time. It is true that in Stephens v. Commonwealth, 164 Ky. 265, 175 S. W. 353, we held defective an indictment that charged that the defendants

> "did unlawfully, wilfully and feloniously take, steal and carry away and convert to their own use hogs of greater value than $4.00 belonging to John R. Perry and others to the grand jurors unknown."

The ground of the decision was that the commonwealth might show that the defendants at different times stole different hogs belonging to John Perry and at different times stole hogs belonging to others to the grand jurors unknown. In this case the hogs stolen were alleged to be the property of Lawrence Howard alone, and not the property of Lawrence Howard and others. It being a felony to steal a hog of the value of $4, and it being alleged that the hogs were of the value of $40, it necessarily results that, if appellants, acting together, stole one hog from Lawrence Howard, each was guilty of a felony. We therefore conclude that the indictment is not defective. Adkins v. Commonwealth, 245 Ky. 503, 53 S. W. (2d) 949.

Another contention is that the verdict is palpably against the evidence. On the one hand, we have the testimony of Lawrence Howard that during the month of July, 1935, he lost four hogs, that one was black with

a little white, two were sandy, and one was white, that three were ·bar hogs with short tails, and one. was a sow, and that the hogs were marked with "a smooth crop mark on the left ear, a hole in the left, and under bit of the right"; and the evidence of Clemy Joseph that he bought hogs answering the description of those lost by Lawrence Howard, that the other defendants were present and aided and assisted in the transportation, that he agreed to pay $30 for the hogs, and finally paid the sum of $55 for the bunch, and the further evidence of John Couch, a neighbor of Lawrence Howard, that on the 6th day of July he was at the home of Clemy Joseph while the hogs that had been purchased from the Miniards were in the lot, that he knew Lawrence Howard's mark, a smooth crop in the left ear, hole in the left ear, and under bit of right, and that four of the hogs he saw in the lot were the property of Lawrence Howard. On the other hand, we have the evidence of Charlie Miniard that the hogs sold to Joseph were his own hogs, and that his mark was "a smooth crop off the left, hole in the left, and under bit of right ear," the same as that credited to Lawrence Howard, and that he received $30 for the hogs; supported by the evidence of Waldo Hoskins, High Miniard, and Roy Miniard to the effect that the hogs were not stolen, and that High Miniard and Roy Miniard were merely hired to help drive the hogs at the time of their purchase by Joseph. From the foregoing resume of the evidence it is at once apparent that the question of appellant's guilt was for the jury, and it cannot be said that the verdict was not sustained by the evidence.

Another ground urged for reversal is that the commonwealth's attorney was guilty of misconduct in going outside the record and arguing to the jury over the objection of the defendants that the prosecuting witness followed the defendants to Lexington, Ky., and there obtained evidence of their guilt. On its face this ground would appear to be meritorious, but we find that the prosecuting witness testified that he went to the Joseph man, who had bought the hogs, and he said they had been taken to Lexington, "and I went down there and they had been taken on." As this evidence was heard without objection, it cannot be said

that in arguing the case to the jury the commonwealth's attorney went outside the record.

Judgment affirmed.