

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4745
Re: Authority of Tax Collector
to void a motor vehicle
sales tax receipt and not
report the would-be tax
payment where check given
in payment of the tax was
returned unpaid

We acknowledge receipt of your letter request of July 29, 1942, which reads as follows:

"We are enclosing a letter we received from Mr. J. W. Garoutte, Tax Assessor-Collector, Sherman County, Stratford, Texas, in which he explains the reason he voided 1% motor vehicle tax receipt #450674.

"Mr. Garoutte states that the check given in payment of the 1% tax was returned unpaid, and that the owner of the motor vehicle has left the country.

"Article 7047K 'Vernon's Annotated Civil Statutes', Section 5 requires the taxes levied by the Article to be collected by the Assessor and Collector of taxes of the county in which a motor vehicle is first registered or first transferred after a sale. The law directs the tax assessor-collector to refuse to accept for registration or transfer any motor vehicle until the tax has been paid.

"You will please advise this department whether or not the tax assessor-collector is authorized to void a receipt and not report the, would be, tax payment to this department because of the fact that the check given in payment of the tax was returned unpaid."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard - Page 2

As indicated in your above quoted letter the authority of the tax collector to collect motor vehicle retail sales taxes is set out in Section 5 of Acts of 1941, 47th Leg., Ch. 184, Art. VI; Article 7047k, V. A. C. S., which reads as follows:

"Sec. 5. The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid.

"When a tax becomes due on a motor vehicle purchased outside of this State and brought into this State for use upon the highways, the person, firm, or corporation operating said motor vehicle upon the public highways of this State shall pay the tax imposed by Section 2 to the Tax Collector of the county in which such motor vehicle is to be registered. The tax shall be paid at the time application is made for registration of said motor vehicle, and the Tax Collector shall refuse to issue the registration license until the tax is paid."

Section 6 of said Act in substance provides that:

"The Tax Collector shall issue a receipt to the person paying taxes prescribed hereunder, making two duplicate copies of said receipt, . . . . shall forward ninety-eight (98) per cent of the money collected hereunder . . . . together with one duplicate copy of each of the receipts issued by him . . . . He shall retain the other duplicate receipt as a permanent record in his office together with two (2) per cent of the money collected as fees of office, or paid into the officers salary fund . . . ."

The law is established in Texas that the authority of the Tax Collector in the matter of collecting taxes extends only to collections made in cash, and that a Tax Collector has no authority to receive anything but cash in payment of taxes. Miller v. State, 53 S. W. (2d) 790; Scisson v. State, 51 S. W. (2d) 703; Austin v. Fox, 1 S. W. (2d) 601; Figures v. State, 99 S. W. 412; Ward v. Marion, 62 S. W. 557; 63 S. W. 155; notes 44 A. L. R. 1231, 1234 and cases cited; notes in 124 A. L. R. 1155 and cases cited.

Honorable George H. Sheppard - Page 3

Furthermore, a tax collector accepting a check from the taxpayer does so merely as an accommodation to the latter, and not in his official capacity as agent of the taxing district. Scisson v. State, 51 S. W. (2d) 703. Private arrangements for payment of taxes differing from statutory method, made between the collector and taxpayer, and the performance thereof, are at the risk of the parties thereto, and not of the state or county. Scisson v. State, supra; Miller v. State, 53 S. W. (2d) 790; Austin v. Fox, 1 S. W. (2d) 601; Orange County v. T. & N. Q. R. Co., 80 S. W. 670 (writ refused); Attorney General Opinion No. O-2889.

In view of the statutes and cases cited above the Tax Collector was not authorized to receive the check in payment of the motor vehicle retail sales tax. When he accepted the check from Mr. Dale Blazier, it was a private arrangement between the parties, an accommodation to Mr. Blazier, the performance of which the Tax Collector entered at his own risk.

In addition we have assumed for purposes of this opinion that when the said Tax Collector took the check in payment of the said tax that he accepted for registration or transfer the motor vehicle which occasioned the sales tax. This seems to be a reasonable assumption in view of the intent and wording of Section 5 of Article 7047k, V. A. C. S., part of which reads as follows:

". . . . the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid."

And again:

". . . . The tax shall be paid at the time application is made for registration of said motor vehicle, and the Tax Collector shall refuse to issue the registration license until the tax is paid." (Emphasis ours)

The Legislature in said above statute has very definitely designed what it determined to be the most practicable method of collecting said tax. Clearly, under the facts submitted to us, the tax has not been paid and could not be paid by the mere acceptance of a check. The Tax Collector by receiving the check as payment and by his acceptance of the motor vehicle for registration or transfer not only has enabled the taxpayer to escape the tax levy, but also has made collection

616

thereof impossible or impracticable. When he accepted the check as payment of the tax, there was a violation of his authority as a Tax Collector; when he accepted the motor vehicle for registration or transfer before said tax was paid, there was a violation of Section 5 of said Statute. The Tax Collector and his bondsmen should be held liable for losses occasioned by these unauthorized acts.

You are therefore respectfully advised that in our opinion the Tax Collector has no authority to void a motor vehicle sales tax receipt and not report the would-be tax payment where the check given in payment of the tax was returned unpaid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch
Assistant

By Chester E. Ollison

CEO:PO

APPROVED OCT 20, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN